[L. A. No. 6036. In Bank.—June 24, 1919.]

TEMESCAL ROCK COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMIS-SION, etc., et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — COMPENSATION FOR DEATH OF EMPLOYEE — DEPENDENCY OF WOMAN LIVING WITH DECEASED AS WIFE—MEMBER OF HOUSEHOLD IN GOOD FAITH.—In view of subsections b and c of subdivision 2 of section 14 of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 844), the Industrial Accident Commission properly awarded compensation for the death of an employee to a woman living with him at the time of his death as his wife, although not legally married to him, on the theory

that she was wholly dependent upon him for her support, where it was shown that they were ignorant persons, unacquainted with the legal requirements of marriage, and both believed that a marriage license which they had procured was sufficient in itself to constitute a valid marriage, and that thereafter they assumed the relation of husband and wife and she continued to be in good faith a member of his household until the time of his death.

[2] ID.—DETERMINATION OF DEPENDENCY — INAPPLICABILITY OF MARRIAGE LAW—POWER OF LEGISLATURE.—It was competent for the legislature to make the requirement of a solemnization as essential to a valid marriage inapplicable to the determination by the Industrial Accident Commission of the question of dependency necessary to authorize compensation to a person injured by the death of an employee, and this it has done by the provisions of section 14 of the Workmen's Compensation Act of 1917, with respect to one who at the time of the injury was in good faith a member of the household of the employee.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.    Affirmed.

The facts are stated in the opinion of the court.

George H. Moore for Petitioners.

A. E. Graupner, Warren H. Pillsbury and Walter S. Clayson for Respondent.

SHAW, J.—This is a proceeding to review a judgment of the Industrial Accident Commission awarding compensation to Dolores Rodriguez, otherwise known as Dolores Lopez, on account of the death of one Silviano Lopez.   The death was caused by accidental injuries to Silviano Lopez occurring on July 23, 1918, while he was in the employment of the Temescal Rock Company, which injuries arose out of said employment. The award was made against Ocean Accident & Guarantee Corporation, the insurance carrier of the Rock Company.   It was made to Dolores Rodriguez on the ground that at the time of the accident she was wholly dependent for support upon said Lopez.   The sole objection thereto is the claim that upon the evidence and the findings of the commission she was not dependent upon Lopez for support, within the meaning of section 14 of the Workmen's Compensation Act of 1917. (Stats. 1917, p. 844.)

It is conceded that she was, as a matter of fact, dependent upon him for support and was being supported by him at the time of the injury.  The commission found these facts to be true.  The claim is that she cannot be classed as a dependent and is not entitled to compensation for the death of Lopez, because she sustained no legal relation to him, either of blood or marriage, at the time, but that she and the decedent were then living and cohabiting together as husband and wife, notwithstanding the fact that they were never married.  Upon this question the commission found, upon sufficient evidence, that she and Lopez were ignorant persons, unacquainted with our laws or with the legal requirements of marriage; that on June 5, 1918, they had agreed to intermarry, and in pursuance of such agreement procured from the county clerk of Riverside County a marriage license authorizing their marriage, and that they in good faith then believed that said license was sufficient to constitute in itself a lawful marriage; that thereupon they assumed the relation of husband and wife and cohabited together in the same dwelling, holding themselves out as husband and wife, the husband providing for their support until the time of said accident; and that during all that time Dolores Rodriguez believed herself to be the lawful wife of Lopez and continued to be in good faith a member of his household and wholly dependent upon him for her support.

The provisions of section 14, aforesaid, relating to this subject are as follows:

" (a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

" (1) A wife upon a husband with whom she was living at the time of his death, or for whose support such husband was legally liable at the time of his death.

" (2) [This clause specifies the children who are deemed to be dependent and is not important to the present case.]

" (b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee.

" (c) No person shall be considered a dependent of any deceased employee unless in good faith a member of the family

or household of such employee, or unless such person bears to such employee the relation of husband or wife, child, posthumous child, adopted child or stepchild, father or mother, father-in-law or mother-in-law, grandfather or grandmother, brother or sister, uncle or aunt, brother-in-law or sister-in-law, nephew or niece.''

Dolores Rodriguez does not come within the provisions of subdivision 1 of subsection a. That part of the subsection includes only those who stand in the relation of husband and wife. Its language necessarily implies that the relation must be lawful, and therefore it excludes persons who, though not lawfully married, live together believing themselves to be husband and wife.

Subsection b, however, clearly empowers the commission to inquire into the actual conditions of dependency and to ascertain whether or not the applicant was in fact dependent upon the decedent for support at the time of the injury, and, finding such dependency, complete or partial, thereupon to award compensation accordingly. Standing alone, this cause would authorize compensation to any person, regardless of relationship or place of abode. But it is expressly qualified and limited in these particulars by the provisions of subsection c. The latter attaches two conditions to the powers given by subsection b. The first one is that the person claiming to be a dependent must be ''in good faith a member of the family or *household* of such employee.'' [1] The facts found bring Dolores Rodriguez within these conditions. Lopez had a dwelling-house and a household, consisting of himself and said Dolores. She was a member of that household. Both the findings and evidence show that she was living there and was such member in the utmost good faith, believing that she was the lawful wife of Lopez. The conditions are fully met by the facts.

. The second limitation of subsection c applies to dependents of the employee who may not be members of his family, or household, but who are related to him by blood or marriage or by adoption in some one of the degrees there specified. The two classes of limitations are stated in the alternative, being connected by the disjunctive particle ''or.'' The result is that the law does not require that the person found to be actually dependent under subsection b shall come within both classes of the limitations specified in subsection c, but that such person may be awarded compensation if he or she comes

within either class. If the applicant is a member of the family or household of such employee in good faith, compensation may be awarded, although he or she may not bear any relation by adoption, blood, or marriage to the employee. But if it appears that the applicant bears either of the relations specified in the second part of subsection c, although not a member of the family or of the household, compensation may be awarded according to the degree of dependency. It is not infrequently the case that a person bearing some one of such relations to another is living apart as a member of a different family or household. The second qualification in subsection c was intended to cover persons of this class.

The petitioners argue that to allow compensation to one whose only claim to dependency arises from an illegal cohabitation with the employee, ostensibly as his wife, would be a gross violation of morals and of the express policy of our law, and, furthermore, that one living in such forbidden and criminal relations with another cannot in law be deemed to be acting in good faith as a member of his household. We think there are satisfactory answers to this argument. At common law Dolores Rodriguez, under the facts found, would have been the lawful wife of Lopez. There was a contract of marriage and assumption of the rights, duties, and obligations of the relation, and an actual consummation thereof. (*Graham* v. *Bennet,* 2 Cal. 506; *Sharon* v. *Sharon,* 75 Cal. 1, [16 Pac. 345].) It was not until after the amendment of 1895 to section 55 of the Civil Code that a solemnization became essential to the validity of a marriage. (*Norman* v. *Norman,* 121 Cal. 620, [66 Am. St. Rep. 74, 42 L. R. A. 343, 54 Pac. 143].) There was nothing essentially or inherently immoral or vicious in the conduct of the parties, if we judge them according to their own understanding and belief. The criminal character of their cohabitation does not come from the fact that they were cohabiting together believing themselves to be husband and wife, although not so, but from the fact that the legislature by the statute of 1895 had required an additional ceremony to constitute a legal marriage. Of this statute they were ignorant, and the immorality of their conduct cannot be judged with reference to it, except in a case where the validity of the marriage is the essential thing to be determined. [2] It was competent for the legislature, by a subsequent statute, to make that particular requirement to a valid marriage inap-

plicable in other cases, such, for instance, as the determination of the question of dependency necessary to authorize compensation to a person injured by the death of an employee. This it has done by the provisions of section 14, with respect to one who at the time of the injury was in good faith a member of the household of the employee. This statute completely takes away, for that purpose, the immorality of the parties who in good faith were living together as Lopez and Dolores Rodriguez were living. It also declares a different public policy with reference to such cases and completely removes the objection that it is not sound policy to allow compensation in such a case.

It is true that if the provision is loosely administered, it may give rise to great abuses. Persons consciously living in illicit relations may endeavor to take advantage of the situation for their own gain. But for the proper administration of the law in this respect the state depends upon the Industrial Accident Commission. It will, of course, exercise the greatest care to require strict proof of entire good faith in such cases. There is nothing in the evidence in the present case to indicate that there was any ground for a charge of bad faith in the conduct of the parties at and prior to the time of the accident.

The award is affirmed.

Wilbur, J., Olney, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Melvin, J., and Olney, J., who were absent.