[S. F. No. 11477. In Bank.—September 28, 1925.]

STANDARD VARNISH WORKS (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ADELINE MINDERMAN, Respondents.

[1] WORKMEN'S COMPENSATION ACT — DEATH OF MINOR SON — PERMANENCY OF EMPLOYMENT — EVIDENCE — FINDINGS — CERTIORARI.— In this proceeding to obtain an award of compensation for the

---

1. Review of findings of commission, notes, L. R. A. 1916A, 163, 266; L. R. A. 1917D, 186. See, also, 28 R. C. L. 827.

death of the minor son of the applicant as the result of an accident that arose during the course of employment which he had sought and obtained following the arrival of the vacation period from high school, where he had just completed his second year, although there was some evidence that the deceased intended to return to school after vacation, the evidence favorable to the applicant was susceptible of the construction that the employment of the deceased would continue beyond the vacation period and was sufficient to sustain the implied finding of the Industrial Accident Commission that the employment was permanent; and, under section 67c of the Workmen's Compensation Act, such finding was conclusive on *certiorari.*

[2] Id.—Amount Contributed to Mother—Deductions for Support —Earnings from Dissimilar Coemployment.—In such proceeding, in determining the amount of the award, where the evidence shows that the deceased minor son contributed his entire earnings to his mother and that a portion thereof was used for his own support, the deduction of an amount equivalent to the sum used in his support is proper and necessary, and where this deduction is made the result is to properly measure the amount of the average annual earnings devoted by the deceased to the support of his mother; and, when that amount has been determined, neither the employer for whom the deceased was working at the time of the accident nor the insurance carrier can be heard to complain because the earnings of the deceased from a coemployer were taken into consideration in computing the amount of such contribution, notwithstanding the two employments of the deceased were dissimilar.

(1) Workmen's Compensation Acts, C. J., p. 89, n. 17 New, p. 123, n. 41.   (2) 15 C. J., p. 944, n. 16; Workmen's Compensation Acts, C. J., p. 89, n. 17 New, p. 103, n. 14 New.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

Frank J. Creede, B. E. Pemberton and Thos. W. Slaven for Petitioners.

Warren H. Pillsbury and John R. Jones for Respondent.

2.   Deductions allowable in computing earnings as basis of compensation, note, 22 **A. L. R.** 864.

SHENK, J.—The purpose of this proceeding is to annul an award of the Industrial Accident Commission. Richard W. Minderman, a minor of the age of sixteen years, was employed on July 2, 1924, as assistant shipping clerk by the petitioner, Standard Varnish Works, a corporation. The petitioner, State Compensation Insurance Fund, is the insurance carrier. About three weeks after the employment began the young man was killed in an elevator accident. It is conceded that the accident arose out of and in the course of the employment. At the time of his death he was receiving wages from said corporation at the rate of fifteen dollars a week. During the period of said employment he was and had been for more than a year prior thereto employed at night as a messenger by the Pacific Telephone and Telegraph Company. From the latter employment he received an average of $33.93 a month and a small additional amount by way of tips. All of his earnings were turned over to his mother, Adeline Minderman, who used the same with other sources of family income for the general family living expenses, including the maintenance of the deceased. The members of the family at the time of the death of deceased were the mother, a brother, a sister, and himself, all contributing to the family income. The mother applied to the respondent Commission for an award on account of partial dependency. After proceedings duly taken in that behalf the Commission found that the mother was partially dependent on the deceased for support, that the annual contribution of the deceased toward her support, after certain deductions, was $741, and made an award in her favor as a death benefit in the sum of $2,123, payable in weekly installments of $9.26.

Two points are made by the petitioners. [1] It is first contended that the award was erroneous because the "average annual earnings" of the deceased were not arrived at as contemplated by the statute (sec. 12 [a], Stats. 1917, p. 842). It appears that the deceased had just completed his second year as a student at the Lick-Wilmerding High School in San Francisco. During his attendance at that school he was working out of school hours for the telephone company. When the vacation period arrived in June, 1924, he sought and obtained employment with the petitioner, Standard Varnish Works. The respondent Commis-

sion based the amount of its award on the wages received by the deceased at the time of his death, fixing the anticipated earnings of the minor for the year following at the rate of fifteen dollars a week. It is earnestly insisted that by the method thus employed the anticipated earnings were not correctly or properly measured especially since the employment of the deceased, according to the petitioners' construction of the evidence, was for the vacation period only. Assuming, for the purposes of this case only, that the alleged temporary character of the employment might have significance in the Commission's determination, it is enough to say that the evidence favorable to the respondents is susceptible of the construction that the employment would continue beyond the vacation period. True, there was evidence that the deceased intended to return to school after vacation, but there was also the testimony of the mother that the question of whether or not her son would relinquish his employment and return to school was undecided. It may fairly be said that there was a substantial conflict in the evidence as to whether the employment was temporary or permanent. The implied finding of the Commission on that point is, therefore, conclusive on this court (sec. 67 [c], Stats. 1917, p. 876).

It is unnecessary to discuss at length the theory on which the Commission fixed the earnings as of the time of the death of the deceased and the proper construction of the statute in that regard. That question was the subject of recent consideration by this court and in reviewing prior determinations was decided adversely to the petitioners' contentions (*Great Western Power Co.* v. *Industrial Acc. Com.*, 196 Cal. 593 [238 Pac. 662]. See, also, *Spreckels Sugar Co.* v. *Industrial Acc. Com.*, 186 Cal. 256 [199 Pac. 8]; *Great Western Power Co.* v. *Industrial Acc. Com.*, 191 Cal. 724 [218 Pac. 1009]; *Market St. Ry. Co.* v. *Industrial Acc. Com.*, 193 Cal. 178 [224 Pac. 95]).

[2] The second contention is based on the fact that the evidence shows without conflict that while the deceased turned over his entire earnings to his mother a portion thereof was used for his own support. The record discloses that the Commission took into consideration the proportion of the total earnings of the minor used in his own support and made deduction accordingly. In this case the amount

of the deduction happened to be approximately the amount that the young man was receiving from the telephone company. Under this state of the facts it is insisted that, owing to the contribution of the total earnings of the deceased to a common fund, it was impossible to determine whether the earnings from the telephone company or the earnings from the Varnish Works were wholly used by the mother for her own support and that the earnings from each source should have been taken into consideration with a proportional deduction from the amount of the award charged against the petitioners. The contention is that if the course suggested be not followed the petitioners are called upon to pay an award without deduction on account of the minor's own support. It is settled that the deduction of an amount equivalent to the sum used in the minor's own support is proper and necessary (*Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.*, 186 Cal. 517 [199 Pac. 796]; *Great Western Power Co.* v. *Industrial Acc. Com., supra*). This deduction was made and the result was to properly measure the amount of the average annual earnings devoted by the deceased to the support of his mother. When that amount has been determined the petitioners cannot be heard to complain because the earnings from a coemployer were taken into consideration in computing the amount of such contribution (*Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407 [Ann. Cas. 1917E, 390, 156 Pac. 491]).

It is urged that the two employments of the deceased were dissimilar and that, therefore, the rule laid down in the last case cited should not apply. The Commission was required under the statute to award "a death benefit, which shall amount to three times the annual amount devoted by the deceased to the support of the person or persons so partially dependent" (sec. 9 [c] [2], Stats. 1917, p. 840). We find no sound basis for a distinction between employments which are similar and those which are dissimilar. The apparent hardship which is imposed on the employer in whose service the deceased was engaged at the time of his death exists as much in the one case as in the other. It is readily apparent that the construction placed on the statute in *Western Metal Supply Co.* v. *Pillsbury, supra,* makes the amount devoted to the dependent the measure of the

award and imposes the full burden on the death-causing employment. Whatever perplexities might attend the solution of the problem, if it were a new one, we are not disposed to place a different construction on the statute at this time. The case of *Western Metal Supply Co.* v. *Pillsbury, supra,* was decided in March, 1916, and during the intervening years the legislature has not seen fit to change the rule by statutory provision.

The award is affirmed.

Seawell, J., Richards, J., Lennon, J., Lawlor, Acting C. J., Waste, J., and Houser, J., *pro tem.,* concurred.