[Civ. No. 5969.  Second Appellate District, Division One.—March 13, 1928.]

GENERAL PETROLEUM CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

A. L. Weil and W. L. Appleford for Petitioner.

G. C. Faulkner for Respondents.

CONREY, P. J.—Application was made to the Industrial Accident Commission for a compensation award on account of the accidental death of Rudolph Jaeger, resulting from injuries occurring in the course of and arising out of his

employment by General Petroleum Corporation, the applicant being the wife of said Jaeger. In addition to an award made against the insurance carrier, the Commission found that said injury and death was caused by reason of the serious and wilful misconduct of the employer corporation, and for that cause an additional award was made against the employer. The employer, after proceedings in due course, applies to this court for a writ of review.

The facts concerning the accident and the surrounding circumstances thereof are identical with those shown in *General Petroleum Corporation* v. *Industrial Accident Commission et al.* (Civil No. 5966), *ante,* p. 101 [265 Pac. 508], in which the order of this court has been this day made denying a petition for a writ of review. The applicants for compensation in that case were dependent members of the family of one Joseph E. Parks, who was killed by the same explosion of gas which destroyed the life of Jaeger. Our conclusions as stated in deciding upon that petition are hereby adopted and applied to this proceeding.

■ In addition to the questions raised in the other case, the petitioner herein calls attention to the fact that no finding was made that the contract of insurance between the employer and the insurance carrier did not extend to the amount of the award in addition to normal compensation, and contends that without a finding on that question of fact the award made by the Commission against the petitioner was contrary to law. In this connection petitioner further contends that section 31 (b) of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 860), which forbids insurance covering such additional compensation, is unconstitutional. The record is insufficient to present these questions for decision. It appears that at the hearing before the referee it was stipulated that at the time of the injury the insurance carrier for the employer was "liable for the normal compensation, if any, which the employer is liable to pay." It does not appear that any effort was made by petitioner to introduce in evidence the policy of insurance, or in any way to raise the question now presented for the first time. Neither does it appear that this question or the subject matter thereof was included in the grounds upon

which petitioner made its application for rehearing before the Commission.

The petition for a writ of review is denied.

Houser, J., and York, J., concurred.

Petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.