[Civ. No. 5966. Second Appellate District, Division One.—March 13, 1928.]

GENERAL PETROLEUM CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

A. L. Weil and W. L. Appleford for Petitioner.

G. C. Faulkner for Respondents.

CONREY, P. J.—Application was made to the Industrial Accident Commission for a compensation award on account of the accidental death of Joseph E. Parks, resulting from injuries occurring in the course of and arising out of his employment by petitioner, General Petroleum Corporation, the applicants being dependent members of the employee's family. In addition to an award made against the insurance carrier, the Commission found that said injury and death was caused by reason of the serious and wilful misconduct of "the executive or managing foreman, or general superintendent" of said employer, and for that cause an additional award was made against the employer. The employer, after proceedings in due course, applies to this court for a writ of review.

Awards of this class are provided for by section 6 (b) of the Workmen's Compensation etc. Act of 1917 (Stats. 1917, p. 831). In the recent case of *Clarke* v. *Industrial Accident Commission,* 87 Cal. App. 766 [262 Pac. 471], we referred to some of the decisions which have explained and illustrated the phrase "serious and wilful misconduct." ▮ We also held in that case, in accordance with cited decisions, that the finding of the Commission of the fact of serious and wilful misconduct as charged was a finding of ultimate facts, and that it was not necessary to make specific findings upon probative matters. The findings now before us, which are of similar form and effect to those in the Clarke case, are a sufficient determination of the issue.

▮ It further appears that the evidence is sufficient to support these findings. Briefly stated, the accident occurred as follows: Certain work of the employer was being carried on under a wharf at Wilmington, and it became necessary to make a change in a gasoline pipe-line. The job was being performed under the direction of one George Leinbach, who as foreman was in charge of the work. At a certain stage of the work when some welding of pipe flanges was about to be done, the employees discovered a strong odor of gas, and went out from under the dock to allow the gas to escape. After waiting "fifteen minutes to half an hour," the welder, one Merle Wilson, went back to the work and

lighted his torch. It is contended by petitioner, first, that Wilson acted on his own responsibility and not under orders of the foreman, and, second, that the conditions were not such as warrant a finding that it was serious or wilful misconduct of the foreman to give the order, even if he had given it, for Wilson to resume the work. On both points there is a conflict in the evidence. Nevertheless it is a fact, according to the witness Sampson, that the foreman at the time in question told Wilson to come down and light the torch; that it was all right to light it. As to the second suggestion, there is evidence that at the time when these last-mentioned instructions were given, the men present under the wharf were conscious of the smell of gas and expressed some fear of the danger. In the answer to the petition herein, counsel for the Commission calls attention to testimony of experts to the effect that there are certain scientific methods and appliances by which it is practical to determine the amount of gas present in inclosed spaces, and that where gas is known to be present, it is unsafe to carry on welding work without first making the test. There being in the record evidence of the character above stated, and that no test was made, it is apparent that the Commission did not exceed its jurisdiction in making the findings of fact to which we have referred.

The petition for a writ of review is denied.

Houser, J., and York, J., concurred.

Petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.