[Civ. No. 3860. Third Appellate District.—April 2, 1930.]

WINNIE GILMORE LOUDEN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Eugene S. Selvage for Petitioner.

Edward O. Allen for Respondents.

PLUMMER, J.—This cause is before us upon the petition of the above named, praying for an order of this court annulling the award heretofore made in determining the dependents of John Louden, deceased.

The facts show that John Louden, an Indian, forty-seven years of age, while employed by the respondent Pacific Lumber Company, a corporation, was killed on or about the twenty-seventh day of March, 1928; that his death occurred in the course of and arose out of his employment. The respondent Lumber Company was self-insured, and both employer and employee were subject to the provisions of the Workmen's Compensation Act. The award of the Commission was to the effect that five minor children of the deceased were his sole dependents and entitled to share in the death benefit, found to be the sum of $5,000. Finding No. 4 of the Commission affecting the petitioner herein, is as follows: "4. Winnie Gilmore Louden was not the wife of said employee on said date, and was not dependent on the decedent within the meaning of said act." The minor children above referred to were the children of a wife of the decedent from whom he had been divorced, and, so far as the record shows, were being wholly supported and educated in an Indian school maintained by the United States government. The deceased contributed practically nothing to the support of the minor children, the testimony showing that for the year previous to his decease only the sum of $20 was contributed by the deceased for such purpose. A rehearing was granted by the Commission, and in the petition for rehearing the question as to the petitioner's marriage and being a member of the household of the deceased in good faith was tendered by the following allegation contained in the petition, to wit: "That the evidence does not justify the findings of fact, and in this regard your petitioner alleges that she was married to John Louden under the customs and laws of Indians living in the county of Humboldt, state of California, and was in good faith a member of the household of said John Louden,

the deceased employee of the defendant company.'' The rehearing resulted in an affirmance of the Commission's previous award.

The record further shows that the petitioner was a member of the Humboldt tribe of Indians, which reside in and about the bay, in Humboldt County; that the deceased, John Louden, was a member of the Siskiyou tribe of Indians; that both the petitioner and the deceased spent most of their time in and about the city of Eureka, and without any distinct tribal associations, though their association, so far as shown, was with other Indians living in and about the city of Eureka. The record further shows that the petitioner herein was first married in January, 1897, to a white man named Richard Rossig. This marriage appears to have been solemnized first in the ''Indian way'' and then according to the method prescribed by the Civil Code, in taking out a license and having a ceremony performed by a justice of the peace. In the year 1901 the petitioner obtained a decree of divorce from Richard Rossig in the Superior Court of Humboldt County, and for some years after the obtaining of this divorce it appears that the petitioner lived with an Indian aunt in or near the city of Eureka and participated in Indian tribal relations only to a very limited extent.

The record shows, as we have stated, that John Louden was married to a woman other than the petitioner in what was called the ''white man's way,'' and that a decree of divorce had been entered years previous to his death, dissolving said marriage. On March 16, 1925, the petitioner and John Louden were married ''Indian way.'' This consisted of John Louden paying to the aunt of the petitioner the sum of $150 and placing a ring upon one of the fingers of the petitioner, and thereafter the two lived together as husband and wife. The petitioner testified that in her first marriage she was married ''Indian way,'' and as she had married a white man who wanted the marriage solemnized according to the white man's method, a license was obtained and a ceremony performed by a justice of the peace, as herein stated.

The record contains a great deal of testimony to the effect that members of the two Indian tribes referred to considered marriages performed ''Indian way'' just as binding and effective as marriages solemnized ''white man's

way." The record contains much testimony to the effect that the neighbors and friends of the deceased and the petitioner considered them husband and wife, and some testimony to the effect that the deceased had said he was not married to the petitioner, and also that the petitioner had said that the deceased was not her husband, but was "her man." This testimony, however, quoting deceased, was given by a witness who apparently had a personal grudge against the petitioner.

The record likewise shows that the deceased and the petitioner, for at least twenty-five years, had lived among white people, worked for them in such employment as could be obtained, and were familiar with the customs of white people in relation to contracting marriages.

Based upon these facts, the Commission found that the petitioner was not the wife of deceased, and was not a dependent within the meaning of the Workmen's Compensation Act. Upon finding No. 4, set out herein, it is contended by counsel for respondents that the Commission has determined that the petitioner not only was not the wife of John Louden, deceased, but was not a member of his household in good faith within the meaning of the language contained in subdivision "C" of section 14 of the Workmen's Compensation Act. In other words, that the following language "and was not dependent on the deceased, within the meaning of said act," includes, by way of implication, a finding or conclusion to the effect that petitioner was not in good faith a member of the household of the decedent.

It may be here stated that the record shows beyond contradiction that from the date of the marriage, "Indian way," of the deceased and the petitioner, the petitioner maintained a residence in which the two lived together, and that the deceased paid all the expenses of the household, and that the petitioner was, in fact, dependent upon the deceased for her maintenance during said period of time and at the date of the death of the deceased. The question of good faith as to the relationship between the petitioner and the deceased being practically the only fact for determination.

The authorities cited by counsel for the petitioner show that the decisions of courts are almost unanimous in supporting marriages between Indians solemnized "Indian way," notwithstanding the fact that departmental officers of the

government having to do with the affairs of Indian reservations and with Indians coming under their jurisdiction have sought, by rules and regulations, to discourage and prevent such marriages, and that such marriages are becoming less and less frequent.

Counsel for petitioner calls our attention to the case of *Temescal Rock Co.* v. *Industrial Acc. Com.*, 180 Cal. 637 [13 A. L. R. 683, 182 Pac. 447], wherein it is held, in substance, that the actual legality of the assumed marital relation does not determine whether a woman is or is not embraced within subdivision ''C'' of section 14 of the Workmen's Compensation Act; that if marriage was not legally solemnized, but if the parties in good faith assumed the relationship of husband and wife under the conviction that they were married, that the woman, in such instance, should be considered in good faith a member of the household of the deceased and entitled to compensation.

To the same effect, though involving minors, is the case of *Moore Shipbuilding Corp.* v. *Industrial Acc. Com.*, 185 Cal. 200 [13 A. L. R. 676, 196 Pac. 257]. As opposed to these cases, counsel for respondent cites the case of *Francisco* v. *Industrial Acc. Com.*, 192 Cal. 635 [221 Pac. 373]. That case appears to be based upon the decision in *Anderson* v. *Matthews*, 174 Cal. 537 [163 Pac. 902], where an Indian was involved who was not a member of any known or recognized tribe having communal laws, customs or institutions of its own, etc. The Indian involved having conformed his ways of living to the habits of American citizens, married according to the white man's laws, and, living among them, was held subject to the laws relating to the statute of limitations, the same as any other person. The question of good faith, however, which is involved in this action, does not appear to have been considered therein, and, therefore, is not an authority against the contentions of the petitioner.

If the question of wifehood only had been involved in the issues presented to the Commission, then the finding of the Commission that the petitioner, Winnie Gilmore Louden, was not the wife of the employee at the date of his death would be determinative of this case, but as the issue of good faith also was involved, the petitioner was entitled to a definite finding upon that fact. Counsel for the Commission advances the argument that this question, by implication, has

been decided by the Commission. Our attention in this behalf is again called to finding number 4, which reads: "Winnie Gilmore Louden was not the wife of said employee on said date, and was not dependent upon the decedent within the meaning of said act." The contention being that by this language the Commission has found that the petitioner, having been married only "Indian way," was not the wife of the decedent, and that the words "was not dependent on the decedent," within the meaning of said act, may, by implication, be construed as a finding that the petitioner was not in good faith a member of the household of the decedent at the time of his death.

As against this interpretation of the finding it is just as consistent to read it with the interpretation contended for by the petitioner, to wit: "Winnie Gilmore Louden was not the wife of said employee on said date, and, therefore, was not dependent on the decedent within the meaning of said act." We do not very well perceive how the conclusion in the finding can be separated from the premise upon which it is based, to wit: "That Winnie Gilmore Louden was not the wife of the employee on said date." That is the burden of the finding. The remaining portion of the finding is a part of the same sentence, is connected therewith in thought, and to separate the conclusion from the statement upon which it is based appears to us to do violence to all rules of construction adopted by courts, and we must conclude that finding number 4 must be read as a whole, and to the effect that the petitioner was not a dependent on the decedent within the meaning of the act, because she was not the wife of the decedent at the time of his death. Counsel for the Commission admit the marriage "Indian way"; that the decedent and the petitioner lived together thereafter until the date of John Louden's death, and during all of said time John Louden provided a home for the petitioner, paid all bills, and that the petitioner was dependent in fact upon the decedent for support. The whole theory of the findings of the Commission and the argument of counsel is to the effect that as the parties involved knew of the "white man's way" of contracting marriage, therefore it was necessary for them to be married "white man's way." On the contrary, the cases which we have cited show that if the marriage, though not performed "white man's way," is entered into in good

faith, and the testimony in this case is overwhelming that Indians regard their own way of marriage as binding as "white man's way," there remains no basis upon which to predicate either a finding or a conclusion of lack of good faith, and if the marriage between the petitioner and the decedent, "Indian way," was in good faith, then the petitioner was entitled to her share of the award.

It is true that the first clause of subdivision "C" of section 67 of the Workmen's Compensation Act reads: "The findings and conclusions of the Commission on questions of fact shall be conclusive and final and shall not be subject to review."

In *Clarke* v. *Industrial Acc. Com.*, 87 Cal. App. 766 [262 Pac. 471], the court had before it a finding of the Commission which was in the form of a conclusion, and it was there held that a conclusion by the Industrial Accident Commission as to "serious, wilful misconduct of employers constitutes a finding of fact not subject to review if supported by substantial evidence." (Citing *Meyers* v. *Industrial Acc. Com.*, 191 Cal. 673 [218 Pac. 11].) To the same effect is the case of *General Petroleum Corp.* v. *Industrial Acc. Com.*, 90 Cal. App. 101 [265 Pac. 508].

It also appears to be the law that whatever is implied within the terms of the findings and conclusions of the Commission may be considered in supporting an award. (*Standard Varnish Works* v. *Industrial Acc. Com.*, 197 Cal. 143 [239 Pac. 1067].) While we recognize the force of these cases, they are not applicable to the questions here presented, because there is in the record no specific conclusion that the petitioner was not in good faith a member of the household of the decedent. This vital fact, upon which the right of the petitioner depends, cannot be said to be within the findings of the Commission or the conclusions of the Commission only by importing into a finding something which is not there or only by dividing a conclusion from the premise upon which it is founded, and dividing a sentence into two portions, so as to make it cover two issues instead of one, which we think only was within the mind of the Commission at the time it made finding number 4. The whole record, as we read it, indicates the fairness of the petitioner's claims and her right, though an Indian woman, to be regarded as occupying the same status of a white woman whose marriage ceremony was

in some particulars defective but entered into in good faith. At least the petitioner is entitled to such a finding, as her rights depend thereon, and not upon whether she was or was not, technically speaking, the wife of the decedent.

The award of the Commission is annulled and the cause remanded for further proceedings.

Thompson (R. L.), J., and Finch, P. J., concurred.