[Civ. No. 4868. Third Appellate District.—April 27, 1933.]

GEORGIA TAYLOR, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, LEONARD T. ISHAM et al., Respondents.

Donald Wachhorst for Petitioner.

A. I. Townsend for Respondents.

PULLEN, P. J.—Leon L. Taylor sustained an injury in the course of his employment, which resulted in his death. The State Compensation Insurance Fund was the insurance carrier, and both the employer and the employee were subject to the provisions of the Workmen's Compensation Insurance and Safety Act.

After the death of Taylor an application for an adjustment of the claim and establishment of dependency was filed by Georgia Taylor as his wife, and a hearing was held thereon before the Industrial Accident Commission. The findings and award by the Commission held the evidence did not establish that the applicant Georgia Taylor bore to the deceased any of the relationships specified in section 14 of

the Compensation Act, and that she was not in good faith a member of the family or household of said deceased. The applicant being dissatisfied, has brought the record to this court to review the evidence and findings so made.

Petitioner in order to recover compensation must bring herself within the provisions of the act above referred to, particularly section 14 thereof, which reads:

"(a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee.

"(1) A wife upon a husband with whom she was living at the time of his death, or for whose support such husband was legally liable at the time of his death.

"(2) [This clause specifies the children who are deemed to be dependent and is not important to the present case.]

"(b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee.

"(c) No person shall be considered a dependent of any deceased employee unless in good faith a member of the family or household of such employee, or unless such person bears to such employee the relation of husband or wife, child, posthumous child, adopted child or stepchild, father or mother, father-in-law or .mother-in-law, grandfather or grandmother, brother or sister, uncle or aunt, brother-in-law or sister-in-law, nephew or niece."

As will hereafter appear, Georgia Taylor has not come within the provisions of subdivision 1 of section (a), which involves only those who stand in the legal relation of husband and wife, and excludes persons who, though not legally married, live together believing themselves to be husband and wife. It is under subsection (b) that the Commission is empowered to inquire into the conditions of dependency actually existing and ascertain whether or not the applicant was in fact dependent upon the deceased for support at the time of the injury.

It is admitted by petitioner that she was not the legal wife of deceased but she claims she lived with the deceased for a period of eighteen years immediately prior to his death, as his wife, believing herself to be his wife, held out as such by him, and entirely dependent upon him for

her support and maintenance, and that she therefore constituted a member of the family and household of deceased.

To determine the good faith of the petitioner, an essential element in her petition, it is necessary to briefly review the facts leading up to the inception of the relationship existing between the petitioner and the decedent. Georgia Taylor was born in San Francisco in 1879, where she attended the public schools, and as a small child attended for a brief period, perhaps, both the Protestant and Catholic churches and Sunday-schools. In 1914, she being then approximately thirty-five years of age, met Taylor, and after an acquaintance of about a week they began living together. A few days thereafter Taylor stated to petitioner that they would get married. Later, however, he told her, ''Well, we are just as good as being married—it is a state law'', and she, believing him, so she testified, accepted the arrangement, and for eighteen years they lived together uninterruptedly excepting for short periods of time when Taylor was away searching for work or on short jobs when it was not convenient to change their abode. By their friends and acquaintances, and to those with whom they associated, they were considered as married, Taylor introducing petitioner as his wife. No license to marry was ever obtained or applied for nor was any ceremony of any kind ever performed.

The Industrial Accident Commission found upon the foregoing facts that petitioner did not bear to deceased any relationship specified in the act quoted above, and was not in good faith a member of the family or household of the decedent.

Petitioner cites several cases which, she urges, support her position that she was such a member of the household, and which she contends warrants this court in annulling the order of the Commission. The first is *Temescal Rock Co.* v. *Industrial Acc. Com.*, 180 Cal. 637 [182 Pac. 447, 13 A. L. R. 683], where an award was made to a woman who was living with the deceased at the time of his death, as his wife, although never married to him. It appeared that both the man and the woman were ignorant foreign-born persons, unacquainted with the legal requirements of marriage in this country, and both believed that the marriage license they had obtained from the county

clerk was sufficient in and of itself to constitute a valid marriage.

In the case of *Moore Shipbuilding Co.* v. *Industrial Acc. Com.*, 185 Cal. 200 [196 Pac. 257, 260, 13 A. L. R. 676], the Commission awarded compensation to a minor child of the woman with whom deceased was living in an adulterous relationship. Mr. Justice Olney very fairly analyzes the relations between the deceased and the minor child when he says: ''It seems to me that in view of the finding of the Commission that Bauer had assumed the relation of father toward the child, the character of his relations with the child's mother is a false quantity in the case. The final question was, Did Bauer stand *in loco parentis* toward the child, had he genuinely assumed toward the child the relation of father? If he had (and the ' commission finds he had and the finding is supported by the evidence), it makes no difference how or why he had. The relation was there and by virtue of it the child was a member of his household in good faith, and that is enough.''

This court in the case of *Louden* v. *Industrial Acc. Com.*, 105 Cal. App. 65 [286 Pac. 1045], held that an Indian woman who had been married by tribal custom, and thereafter lived with her husband as his wife, did so in good faith, and was entitled to compensation.

In the case of *Landsrath* v. *Industrial Acc. Com.*, 77 Cal. App. 509 [247 Pac. 227, 228], a woman who went through a marriage ceremony believing she was thereby legally married, and thereafter lived with the man, believing in good faith she was married to him, is entitled to compensation. These cases are all much stronger than the case at bar. Here, as already pointed out, petitioner, although a woman of thirty-five, born in California, and to some extent at least had attended schools and churches in her youth, began living with a man, and after a week of such relationship, accepted without a question the statement that they were as good as married, is scarcely entitled to full credit. The Commission was justified in holding she did not come within the provisions of the act.

■ ''The power of this court to review findings of fact by the Industrial Accident Commission is limited to a consideration of the question of whether there is any substantial evidence upon which such findings may rest. In

the absence of evidence to support a given finding, it cannot stand; but if with relation to such a finding a mere conflict appears in the evidence, or if opposing inferences may reasonably be drawn therefrom, the conclusion reached by the Commission is final and cannot be disturbed by this court. (*Walker* v. *Industrial Acc. Com.*, 177 Cal. 737 [171 Pac. 954, L. R. A. 1917F, 812].) So far, therefore, as concerns this tribunal in the instant case, it is authorized to consider the evidence adduced on the hearing before the respondent commission for the purpose only of determining its sufficiency to warrant the finding that the evidence was insufficient to establish either the dependency of the petitioner or that she was the widow of the deceased.'' (*Landsrath* v. *Industrial Acc. Com.*, *supra*.)

We find ample support in the record for the order of the Commission, and for the reasons given, the order appealed from is affirmed.

Plummer, J., and Thompson, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 26, 1933.