[Civ. No. 9549. First Appellate District, Division Two.—December 18, 1934.]

ROBERT WICKSTROM, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, WILLIAM McINTOSH et al., Respondents.

Ingemar E. Hoberg, Jos. Anderson and Devine & Devine for Petitioner.

Everett A. Corten for Respondents.

STURTEVANT, J.—The petitioner while employed as a carpenter's helper was working on a scaffold attached to a high building. The scaffolding gave way and the petitioner fell eight stories. By reason of the fall he suffered

numerous injuries but he made a substantial recovery. Within the time allowed by law and in a proper manner he applied to the defendant commission for an adjustment of his claim for disability benefits under the Workmen's Compensation Insurance and Safety Act. The facts of employment, wages, age of employee, and injury arising out of and occurring in the course of his employment, are not controverted. The only controversy presented by the record is the nature and extent of petitioner's disability due to said injuries. On the 13th of September, 1932, the respondent commission made an award in which it fixed the percentage of petitioner's disability at 90¼ per cent and awarded him $23.77 per week for two hundred forty weeks, and in addition the sum of $11.07 per week for the remainder of his natural life. The insurance carrier, State Compensation Insurance Fund, petitioned for a rehearing and thereafter the respondent commission ordered annulled its previous award and ordered entered an award in which it found that petitioner's condition had not become permanent and fixed his compensation in the sum of $23.77 indefinitely. On the 13th of January, 1934, petitioner asked the respondent commission for a permanent disability rating. A hearing was had on January 29, 1934, and another one was held on the 13th of March, 1934, and much evidence was introduced both on the subject of the physical injuries suffered by the petitioner and also on the subject of injuries to his nervous system. On the twenty-sixth day of April, 1934, the respondent commission filed amended findings and an award which among other things contained a finding as follows:

"2. Said employee was 40 years of age, and said injury caused permanent disability resulting in slight ulnar angulation of radius of minor arm; loss of forearm pronation; limitation of dorsal, palmar and radial flexions of wrist joint to 45/55, 55/70 and 20/30; grip of hand being 82/125; marked limited motion of spine, tips of fingers failing to reach floor on forward bending by 22 inches, 50% to 75% loss of backward bending; some pain and soreness in low back and sacral regions, in lumbar muscles and in operative scar over middle lumbar region; sciatic pain in both legs. The percentage of said permanent disability is 76, entitling the employee to $23.77 a week for 240 weeks, amounting to $5,704.80; and thereafter the sum of $5.85 a week for the

remainder of his natural life. The Insurance Carrier has paid on account of disability indemnity the sum of $5,490.87, and is entitled to a credit herein in said amount. The foregoing weekly benefit is based upon wages of $7.00 a day for employment 5½ days a week." The petitioner filed a petition for a rehearing which was denied. Thereafter he commenced this proceeding for the purpose of having the last mentioned award annulled.

■ He asserts that the respondent commission received evidence as to the injury to his nervous system but made no finding thereon. Continuing he asserts that by reason of such failure to make a specific finding the commission exceeded its jurisdiction. The point may not be sustained. When the case was being presented to the commission it was the theory of the insurance carrier that by reason of the accident the petitioner suffered certain physical injuries and nothing more. On the other hand it was the theory of the petitioner that he suffered the physical injuries and that his nervous system had been so affected that he had become afflicted with neurosis. After the hearing the commission made findings stating affirmatively the injuries sustained by the petitioner. It was not called upon to make also negative findings. In making the affirmative findings they carried the implied negative findings and such implied findings lend full support to the order entered by the commission. (*Standard Varnish Works* v. *Industrial Acc. Com.*, 197 Cal. 143, 146 [239 Pac. 1067].) ■ Furthermore the point is based on a misconception of the power of the courts to review the awards made by the commission. The position of the petitioner is to contend that if the respondent commission fails to make findings in effect a bill of particulars both affirmative and negative, then and in that event the commission acts in excess of its powers and that the courts have power to review such acts. That contention is too broad. In *Southern Pac. Co.* v. *Industrial Acc. Com.*, 177 Cal. 378 [170 Pac. 822], Mr. Justice Shaw, speaking for the court, at page 381 stated as follows: "Section 84 of the Workmen's Compensation Act, which gives us the power we are now exercising over this award of the commission, authorizes us to annul an award only when the commission acted without or beyond its powers, or when the award was procured by fraud, or is unreasonable,

*or when the findings of fact do not support it. The findings are not subject to review except in so far as they may have been made without any evidence whatever in support thereof.* The review of the findings, even in such cases, is not based on the theory that they are not supported by the evidence and that we are weighing evidence to determine that proposition, but upon the theory that *the commission has no jurisdiction to make a finding where there is no evidence to support it.*" (Italics ours.) See, also, *Newton* v. *Industrial Acc. Com.,* 204 Cal. 185, 190, 191 [267 Pac. 542, 60 A. L. R. 1279] ; *County of Los Angeles* v. *Industrial Acc. Com.,* 123 Cal. App. 12, 14 [11 Pac. (2d) 434] ; *County of Los Angeles* v. *Industrial Acc. Com.,* 109 Cal. App. 724, 727 [293 Pac. 820]. In the light of these authorities we think it may not be said that the respondent commission exceeded its jurisdiction.

In his brief the petitioner also asserts that the award was unreasonable. He cites no authority. Neither does he address his argument specifically to the point. The respondents cite *Frankfort Gen. Ins. Co.* v. *Pillsbury,* 173 Cal. 56 [159 Pac. 150]. We think it states the rule against the contention of the petitioner. At page 59 [173 Cal.] the court said : "The extent of disability occasioned by an injury is not capable of exact measurement. The percentage of such disability is a matter to be determined by the commission in the exercise of its sound discretion, based upon a fair view of all of the circumstances. Its conclusion on this matter is the determination of a question of fact, and is not subject to review by the courts unless palpably contrary to the undisputed evidence. We cannot say that the finding that Immel's injury caused a permanent disability of 20¼ per cent is contrary to the evidence."

It is further contended that the respondent commission refused to allow petitioner to cross-examine adverse witnesses. Assuming for the purposes of this decision that the ruling complained of was made, such ruling may have constituted error but it was not an excess of jurisdiction.

The last point made is that the respondent commission refused to grant the petitioner a rehearing for the purpose of refuting surprise testimony adduced by respondent State Compensation Insurance Fund. When the "surprise testimony" was offered the petitioner was entitled to meet it at that time, and for that purpose to ask for a con-

tinuance. The record does not disclose that he did so. In applying for a rehearing the petitioner was entitled to base his motion on the ground of newly discovered evidence. However, he made no sufficient showing in that behalf.

For the reasons stated the order under attack is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 17, 1935.