María Colón, Petitioner, v. Industrial Commission of Puerto Rico, Etc., Respondent.

No. 13. Argued June 21, 1937.—Decided July 16, 1937.

*C. Iriarte, F. Fernández Cuyar* and *Héctor González Blanes* for petitioner. The respondent did not appear.

Mr. Justice Wolf delivered the opinion of the Court.

On October 21, 1936, Próspero Bonilla Vargas was killed while engaged in the regular duties of his employment. After an investigation, the manager of the State Fund ordered the filing away of the case, on the ground that there appeared to be no beneficiary who could take under the terms of the

Workmen's Acci-dent Compensation Act (Act No. 45 of April 18, 1935, Laws of that year, p. 252).

An appeal was taken to the Industrial Commission and denied, without a hearing, on April 22, 1937. On May 18, 1937, the petitioner before the Industrial Commission, María -Colón, requested that she be given an opportunity to be heard, but on May 21, 1937. the Commission ratified its original de-.cision and refused to grant her a hearing chiefly on the .groun·d that her condition or status of "concubine" gave her .no right to receive compensation under section 3 of the Act, ;supra.

- · We are asked to review the correctness of the action of the Industrial Commission, (a) when it refused to hear the petitioner on her appeal thereto from the decision of the Manager of the State Fund, and (b) when it failed to consider the grounds alleged in the appeal, concluding as it did, without hearing the evidence to support them, that they were entirely without merit.

The petitioner before us has indulged in a certain amount of inconsistency.· In her petition, she prays that this court reverse the finding of the Industrial Commission and decide that she has a right to compensation. In her brief, however, she requests that the case be remanded to the Commission for a proper hearing.

In view of the above circumstances we might arrive at the conclusion that petitioner has tried to submit the case to us on the pure question of law as to whether a ·"concubine", or, as she alleges, a woman who has lived with a man for 20 years under conditions similar to those of matrimony, although no marriage ever took place, may be considered a "widow" so as to be entitled to receive compensation under the Act.

Although we are definitely of the opinion that the case should be returned to the Industrial Commission for a hearing, we shall only do so after a discussion of the legal question presented to us by the petitioner herself.

■ We have no doubt that when the decision of the Manager of the State Fund is adverse to a claimant under the Workmen's Accident Compensation Act, he or she may appeal to the Industrial Commission, and, unless the parties make a stipulation to the contrary, is entitled, as a matter of right, to a hearing on his or her claim. The Commission should always give a claimant before it an opportunity to be heard, regardless of how convinced it may be of the final result. This is in accord with the spirit of the law and the nature of the Commission as a quasi-judicial and quasi-tutelary body. The case will therefore be sent back for a hearing before the Commission.

■■ We shall assume that the claimant in this case lived with the deceased workman for the twenty years immediately preceding his death, that she depended upon him for her support, but that they were never legally married.

Section 3 of our Act, supra, expressly mentions the persons entitled to become beneficiaries upon the death of an insured workman. The petitioner does not fall within the designation of any of them. The word "widow" is to be given its ordinary meaning, which is, a legally married woman whose husband is dead. The cases cited by the petitioner are of doubtful application as we are not sure that the statute in any of them was analogous to ours. Under our statute we find no room for interpretation, and a "concubine" is not included. We may say in passing that in two of the cases cited (*Kinnard* v. *Tennessee Chem. Co.*, 7 S. W. (2d) 807; *Sánchez* v. *Texas Employer's Ins. Asso.*, 51 S. W. (2d) 818) there had been an actual ceremony and the claimant honestly believed herself to be legally married, even though technically untrue, as the deceased husband in each case had never been divorced from a former wife. We have looked at the statute from Tennessee which was in force at the time that case was decided and we find that it does not expressly set out who are to receive compensation. The statute in the case of *Louden* v. *Industrial Acc. Comm.*, 286

Pac. 1045, was entirely different and the case is inapplicable in its terms.

This is our opinion on the question of law involved and we feel that although the petitioner is entitled to a hearing before the Commission she should be advised to desist from pressing her claim any further.

The case should be returned to the Industrial Commission for further proceedings not inconsistent with this opinion.

Mr. Justice Córdova Dávila took no part in the decision of this case.