[L. A. No. 6027. Department Two.—July 26, 1920.]

## SARAH SCHNEIDER, Respondent, v. JACOB SCHNEIDER, Appellant.

[1] MARRIAGE—PROPERTY RIGHTS.—A void marriage confers no rights upon either of the parties to it in respect to the property of the other such as would be conferred by a valid marriage.

[2] ID. — DIVISION OF JOINTLY ACQUIRED PROPERTY. — While, strictly speaking, there can be no community property in the absence of a valid marriage, courts will, in dividing gains made by the joint efforts of a man and married woman living together under a void marriage entered into in good faith by the woman under the belief that her prior marriage had been dissolved, apply by analogy the rule which would obtain when a valid marriage is dissolved.

[3] DIVORCE — VOID MARRIAGE — PROPERTY RIGHTS — VALIDITY OF ADJUDICATION.—Where in an action for divorce, upon discovery that the plaintiff was not entitled to a decree by reason of her marriage to another, the parties agreed upon a day to which the trial

2. Division of property accumulated during void marriage, note, 68 Am. St. Rep. 375.

Division of community property upon the annulment of marriage, note, 36 L. R. A. (N. S.) 845.

should be postponed for the purpose of hearing evidence on the issue of their property rights, and such issue was tried on the agreed date, the court was warranted in adjudicating such rights, and its adjudication is not subject to reversal for failure to annul the marriage.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion to set aside judgment. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gerecht & Chambers and Harry Ellis Dean for Appellant.

A. P. Thomson for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal for the first appellate district while acting as justice *pro tempore* in this court in place of Mr. Justice Melvin. It is adopted as the opinion of this court.

THE COURT.—This was an action for divorce brought by the wife, and the appeal is taken by the defendant from that part of the judgment awarding to the plaintiff a portion of the joint property. The defendant also appeals from an order denying his motion to set aside the judgment, and brings said appeals to this court upon the judgment-roll alone. No argument is made in the briefs in support of the appeal from said order.

As to the appeal from the judgment, it appears from the findings of the trial court that the plaintiff at the time of her marriage to the defendant was the wife of another man, although at that time she was laboring under the belief that, as the result of a certain proceeding had in the year of 1905, her prior marriage had been dissolved. Her union to the defendant took place in 1908 and was entered into in good faith, and the parties thereafter lived together as husband and wife for about eight years, accumulating by their joint efforts certain property, a part of which, by the judgment in this case, was awarded to the plaintiff.

The plaintiff as a ground for divorce alleged cruelty on the part of the defendant, and in addition to praying for the

dissolution of the matrimonial bonds sought a division of the "community property." Upon the finding as to the continued existence of said prior marriage of the plaintiff the court denied a divorce, but declared the property described in the complaint to be joint property of the parties in the nature of and analogous to community property, and by its decree divided it equally between them, giving to the defendant, however, in such division, credit for certain payments which he had been required to make to the plaintiff during the pendency of the action, in recognition of the fact that the parties were not legally husband and wife.

[1] Under the authorities it is clear that a void marriage confers no rights upon either of the parties to it in respect to the property of the other such as would be conferred by a valid marriage; but in the case before us the question for determination is, Conceding that the marriage was void, what right, if any, has the plaintiff in the property acquired by the joint efforts of herself and the defendant during their cohabitation entered upon innocently upon the faith of their admittedly void marriage?

On this question there is a conflict in the decisions. In the states where the common-law right of dower exists it is generally held that a woman, in order to be entitled to dower, must base her claim upon a legal marriage. In those states if a man has a wife living, and enters into a second marriage, no matter how innocent of wrongdoing the other party to it may be, nor how gross the deception by which she enters into the marriage, she is not entitled to dower, not being his lawful wife. (*Kennelly* v. *Cowle*, 6 Ohio Dec. 170.)

In the case of *De France* v. *Johnson*, 26 Fed. 891, a man had a wife living at the time he married the plaintiff, a mere girl, with whom he lived for a great many years and until his death. By her he had thirteen children. After his death she sought to recover dower, but the court decided against her, holding that a woman who innocently marries and cohabits with a man who has a wife living from whom he has never been divorced cannot acquire an interest in 'his land by reason of such illegal marriage.

This doctrine does not prevail in all the states, nor, in fact, in any where the community property régime has been adopted. In Louisiana and possibly New Mexico a marriage such as the one here is known as a "putative" marriage, and

the property rights of the woman are recognized and protected by statute. In four of the seven states where the community rule as to property of the character here considered prevails it has been held that where a woman is an innocent party to a void marriage she is entitled to the same interest in property acquired by the parties as if the marriage were valid. In the state of Texas the question has often been before the courts, and in a number of recent cases has been given attentive consideration. The Spanish law as to marital rights prevailed in Texas until 1840, and the doctrine of putative marriage was a part of that law, as shown by the decisions of its courts, and even since the adoption of the common law the property rights of persons who contract void marriages, but in good faith, have been upheld. (McKay on Community Property, 194.)

In the case of *Morgan* v. *Morgan*, 1 Tex. Civ. App. 315, [21 S. W. 154], which was decided after the adoption of the common law in that state, the court said: "The status of property acquired by a man and woman living together as husband and wife without having been lawfully married has been the subject of doubt and litigation almost from the time Texas became an independent republic," and after reviewing the early cases the court continued: "It will thus be seen that the strong tendency of our judges in the past has been to hold that property acquired in this state under our community laws by a man and woman living together as husband and wife should belong to them in equal shares, whether they were legally married or not. And why should this not be so, especially when they have attempted to enter into a marriage contract, and believed that they were lawfully husband and wife? In such cases, by attempting to enter into the marriage contract, they agreed, as far as they had the power to agree, that they would live together as husband and wife, and that all property that they might thereafter acquire should be community property and belong to them in equal portions. Such is the meaning of the contract they attempted to make under our law. How, then, can it be said that the property acquired in pursuance of such a contract shall belong to one of the parties more than to the other? What right has the husband to all of the property to the exclusion of the wife, or what right has the wife to all of the property to the exclusion of the husband? Suppose

a wife so situated should by her own exertions acquire property toward which the husband did not contribute anything, would it be contended that this property became his property? How, then, can it be that where the property is acquired by the joint labors of both, each in the eye of the law contributing one-half thereto, it shall belong only to the husband? It will not do to refer to the decisions in common-law states to sustain the proposition that the woman under such circumstances has no right to any part of the property so acquired. In those states, by entering into the marriage contract she understood that all the property they might acquire while living together should belong to the husband, but in this state she understood that their rights in the property they might accumulate should be equal.'' (See, also, *Lawson* v. *Lawson*, 30 Tex. Civ. App. 43, [69 S. W. 246]; *Routh* v. *Routh*, 57 Tex. 589.)

In the case of *Barkley* v. *Dumke et al.*, 99 Tex. 150, [87 S. W. 1147], a girl had innocently contracted marriage with a man having a living wife; and the court held that it was the settled doctrine in that state that by virtue of such a marriage the putative wife became entitled to the same rights in property acquired by the parties as would be the case if the marriage were free from defect, pointing out that the statute law of Texas upon the subject of the mutual property rights of married persons is so inconsistent with the common law as to show an intention on the part of the law-making power not to subject such rights to the rule of the latter. This case has since been frequently followed in that state.

In California, as in Texas, the common law is the general rule of decision, but in both states the law regulating the mutual property rights of married persons is radically different from that law; and while we do not wish to be understood as saying that the rule of the common law as to husband and wife apply to no case under our system, yet we agree with the Texas courts that the common-law rule as to the consequences of a void marriage upon the mutual property rights of the parties to it is inapplicable where the community property régime prevails. This conclusion is dictated by simple justice, for where persons domiciled in such a jurisdiction, believing themselves to be lawfully married to each other, acquire property as the result of

their joint efforts, they have impliedly adopted, as is said in the Texas case cited, the rule of an equal division of their acquisitions, and the expectation of such a division should not be defeated in the case of innocent persons.

In *Werner* v. *Werner,* 59 Kan. 399, [68 Am. St. Rep. 372, 41 L. R. A. 349, 53 Pac. 127]—a case very similar to the present one—a woman having a husband living contracted marriage, and lived with this supposititious husband for many years in the belief that her former marriage was invalid. Her action for divorce was held to be an equitable proceeding in which the court had full jurisdiction to give adequate relief, and accordingly it annulled the marriage and made an equitable division of the property.

In the province of Quebec—a civil-law jurisdiction—it was held, in *Gregory* v. *Dyer,* 15 L. C. Jur. 223, that a woman who in good faith had married a man who had a wife living, and lived with him until his death, was entitled to a community interest in the property acquired by them after their marriage. (See, also, *Cathcart* v. *Union Bldg. Soc.,* 15 L. C. Rep. 467; *Morin* v. *Corporation des Pilotes,* 8 Queb. 222; 1 Cyc. 1633.)

In the case of *Buckley* v. *Buckley,* 50 Wash. 213, [126 Am. St. Rep. 900, 96 Pac. 1079], it is held that where a woman enters into a marriage contract with a man without knowledge that he has a wife living, the court has power to annul the marriage, whether the action be for divorce or annulment, and in such action to dispose of property acquired by the joint efforts of the parties, and can, as in a true divorce proceeding, award to the innocent injured woman such proportion of the property as under all the circumstances would be just and equitable.

The authorities on the subject are reviewed and the rule in this state announced by Mr. Justice Sloss in the well-considered case of *Coats* v. *Coats,* 160 Cal. 671, [36 L. R. A. (N. S.) 88, 118 Pac. 441]. That was an action, after a decree of annulment, for a division of the property which had been accumulated by the parties after the marriage. It was held that a woman who in good faith had entered into a marriage which was subsequently annulled at the instance of the other party upon the ground of her physical incapacity to enter into the marriage state was entitled to partici-

pate in the property which had been accumulated by the efforts of both parties during the existence of the abortive marriage. "To say," declares the court, "that the woman in such case, even though she may be penniless and unable to earn a living, is to receive nothing, while the man with whom she lived and labored in the belief that she was his wife shall take and hold whatever he and she have acquired, would be contrary to the most elementary conceptions of fairness and justice." In that case the appellant argued that the marriage being voidable, the effect of the decree of annulment was to render the marriage void from the beginning, and that all property rights of either dependent upon the marriage were terminated and annulled. "But," said the court, "these decisions deal with the rights of one of the parties in property owned by the other. . . . Here, however, the controversy is a different one. The controversy is not over the property owned by the defendant prior to the marriage, or acquired by him alone thereafter, but has to do with the acquisitions of the two parties after marriage and before annulment. . . . In the absence of fraud, or other ground affecting the right to claim relief, there can be no good reason for saying that either party should by reason of the annulment be vested with title to all the property acquired during the existence of the supposed marriage. [2] And the court proceeds to hold that while, strictly speaking, there can be no community property in the absence of a valid marriage, courts will, in dividing gains made by the joint efforts of a man and woman living together under a voidable marriage which is subsequently annulled, apply by analogy the rule which would obtain when a valid marriage is dissolved. It is true in that case that the marriage was only voidable, while here it was void; but this difference furnishes no logical or sound reason why a different rule should be applied in the division of the jointly acquired property. Indeed, in the case from which we have quoted the marriage having been annulled, the court assumed it to have been void *ab initio.*

[3] We do not overlook the fact that the present action was for divorce, and that no decree of divorce or annulment of the marriage was entered. But it is also to be noted that when the parties discovered that the plaintiff was not en-

titled to a divorce, they agreed upon a day to which the trial should be postponed for the purpose of hearing evidence on the issue of their property rights, and, accordingly, such issue was tried on the day set. It therefore appears to us that, in view of the issues framed by the pleadings, and the course of trial adopted upon the development of the facts bearing upon the marriage of the parties, the court was warranted in adjudicating upon the question of their property rights. The circumstance that the court failed to settle their legal status, as it might well have done, is no ground for reversing that part of its judgment dealing with such property rights and to which the appeal is directed.

The judgment and order are affirmed.

Wilbur, J., Lennon, J., and Sloane, J., concurred.