[Civ. No. 16216.   Second Dist., Div. Two.   Feb. 20, 1948.]

Estate of ISAAC KRONE, Deceased.  ALLEN KRONE et al.,
Respondents, v. FANNY KRONE, Appellant.

McLaughlin, McGinley & Hanson and John P. McGinley
for Appellant.

George G. Glick and Sigmund S'Renco for Respondents.

MOORE, P. J.—Isaac Krone departed this life in April,
1946, leaving surviving him his wife Fanny and three chil-
dren by a former marriage, respondents herein.  All proceed-
ings having been duly had in his estate to put it in a condition
to be closed, respondents filed their claim of interest declar-
ing that the property of the estate is the separate property
of decedent and that appellant was not the lawful wife of
decedent; whereupon they demanded that the estate be dis-
tributed to them in equal portions.

Appellant filed her statement of claim of interest in which
she alleged that she is the sole surviving lawful heir of dece-
dent; that she married decedent in April, 1934, and continu-
ously lived with him as his wife to the date of his decease;
that during such period as a result of their joint efforts all

the personal property comprising the estate of decedent was accumulated; that at the time of such marriage she believed in good faith that she was the lawfully wedded wife of decedent. Also, she alleged that at the time of the marriage she and decedent "agreed that any property acquired, accumulated or contributed to, or owned and held as a result of their joint efforts, moneys expended or services rendered during the marriage" would be their joint property, and that upon the death of either the estate so accumulated would become the exclusive property of the survivor. She further alleged that during her life with decedent she expended substantial sums of money and personal services in the accumulation of the personal property shown on the inventory and appraisement, and that from March, 1943, to the date of decedent's death she was actively engaged in conducting the operation of the grocery store from which all the estate set forth in the inventory was accumulated.

The court found that appellant and decedent lived and cohabited as man and wife from the date of their attempted marriage until decedent's death; that at the time of such marriage neither had any property; that as a result of their joint efforts the parties accumulated personal property of the value of $16,412.51; that at the time of her marriage appellant believed in good faith that she was the lawfully wedded wife of decedent, due to her ignorance of the law which requires the lapse of one year after the entry of an interlocutory decree; that she had obtained an interlocutory decree from her former husband February 13, 1934, and that the final judgment therein was not entered until February 19, 1935, or 10 months after her purported marriage to decedent; that she had no information of any claim of illegality of her marriage to decedent until the filing by respondents of their claim to an interest in the estate; that during the lifetime of decedent he and appellant "were partners with joint and equal rights as partners and that all of the personal property acquired and contributed to by said parties during said period as shown by the inventory on file in this proceeding of the value of $16412.51 is partnership property and that Fannie Krone is the surviving partner." From such findings the court concluded and adjudged that the personal property acquired by decedent and appellant was partnership property, and that they were owners as equal partners thereof.

The appeal is from all portions of the decree except that which directs appellant as administratrix to pay the sum of $730.20 to her son Jack Reed Millard, held by appellant with the assets of the estate.

Appellant demands a reversal of the judgment on two grounds, namely: (1) that the estate accumulated by the spouses of a putative marriage descends according to the succession statutes governing community property; (2) that the trial court erred in excluding testimony of an oral agreement which created a joint tenancy in the personal property comprising the estate.

■ "Putative marriage" is a phrase derived from the civil law which once prevailed in the southwestern states and in Louisiana. It is still recognized by the Louisiana Civil Code, article 117. The term is applied to a matrimonial union which has been solemnized in due form and celebrated in good faith by both parties but which by reason of some legal infirmity is either void or voidable. The essential basis of such marriage is the belief that the marriage is valid. (*Vallera* v. *Vallera*, 21 Cal.2d 681, 684 [134 P.2d 761].) Although null on account of some dissolving impediment, yet by reason of the good faith of the celebrants and the ignorance of such impediment by both or one of them, in the absence of an agreement fixing the respective rights of the parties to the gains of their joint efforts, an equitable division of the estate accumulated by them is made upon a dissolution of the marriage by death or separation. (McKay, *Community Property*, (2d ed.), p. 92.)

The appellate decisions of this state generally support the doctrine of a division between the spouses of their accumulations in the event of a dissolution of a putative marriage although their pronouncements vary slightly as to the extent of a wife's share. In *Coats* v. *Coats* (1911), 160 Cal. 671 [118 P. 441, 36 L.R.A. N.S. 844], it is said (p. 678) that in dividing the gains of a putative marriage when it is annulled, courts should apply "by analogy the rules which would obtain with regard to community property where a valid marriage is terminated by the death of the husband or by divorce." Since "the apportionment of such property between the parties is not provided by any statute, it must therefore be made upon equitable principles. In the absence of special circumstances such as might arise through intervening claims of third persons, we can conceive of no more

equitable basis of apportionment than an equal division." In *Schneider* v. *Schneider* (1920), 183 Cal. 335 [191 P. 533, 11 A.L.R. 1386], it was in effect declared that a putative wife is entitled to the same rights in the estate accumulated as if the marriage were valid. The Coats case was an affirmance of a judgment for $10,000 in favor of the wife out of an estate of $70,000. In denying the husband's petition for a rehearing the court said: "We do not hold that a woman occupying the position of the plaintiff here is, under any and all conditions, as a matter of strict legal right, entitled to one half of the property acquired during the existence of the supposed marriage. The amount to be allotted to her is to be determined by the exercise of the sound discretion of the trial court." In *Feig* v. *Bank of America* (1936), 5 Cal.2d 266 [54 P.2d 3], it was held that "under the plainest principles of equity" the property as acquired by the putative spouses "should be marked by all the incidents of community property, citing the Coats and Schneider cases. *Figoni* v. *Figoni,* 211 Cal. 354 [295 P. 339], *Sanguinetti* v. *Sanguinetti,* 9 Cal.2d 95 [69 P.2d 845, 111 A.L.R. 342], and *Macchi* v. *La Rocca,* 54 Cal.App. 98 [201 P. 143], following the same authorities held to the same effect. In *Vallera* v. *Vallera* (1943), 21 Cal.2d 681, 683 [134 P.2d 761], it is declared that "the property is divided as community property would be upon the dissolution of a valid marriage," citing the Coats, Schneider and Sanguinetti cases. In *Blache* v. *Blache* (1945), 69 Cal.App.2d 616, 624 [160 P.2d 136], it was held that a putative wife has the same rights as the wife of a valid marriage, citing the Schneider, Coats and Vallera cases.

From the foregoing review it appears that the preponderant holdings of the appellate courts coincide with the view that upon the dissolution of a putative marriage by decree of annulment or by death the wife is to take the same share to which she would have been entitled as a legal spouse. However, none of the authorities reviewed involved a consideration of the statute subsequently enacted whereby the surviving spouse of a valid marriage inherits the entire estate in event of intestacy. (Prob. Code, § 201.) But the logic appears irrefutable that if according to statute the survivor of a valid, ceremonial marriage shall be entitled to take all of the community estate upon its dissolution, then by parity of reasoning why should not the wife inherit the entire estate

of a putative union upon the death of her husband intestate? Clearly she does inherit all.

That appellant herein should be entitled to the inventoried estate is implemented by the finding that she and decedent "were partners with joint and equal rights as partners," and that all the property of the estate was acquired by the parties during the marriage. But aside from the extraordinary services rendered by appellant she justly claims the estate by virtue of the authorities above reviewed, pursuant to section 201, *supra.* This section had not been enacted at the time of the pronouncement of the Coats and Schneider cases and for that reason it was not mentioned in either of them, which may explain the silence of the subsequent decisions upon its provisions. However, in view of the positive declarations in such later decisions it would now be contrary to established law to deny to this putative wife her rights as a surviving spouse to inherit the total of the gains of the putative marriage.

In view of the foregoing, consideration of the second assignment is unnecessary. If the estate belongs to appellant as the survivor of the putative marriage, proof of her oral agreement though admissible could add nothing to establish her rights as owner under section 201.

It is therefore ordered that the decision and judgment be modified as follows: (1) strike finding VIII and substitute in lieu thereof the following: The court finds that decedent left surviving him three adult children by a previous marriage, Allen Krone, Seymour Krone and Mildred Weitzmer; (2) strike paragraph 5 from the conclusions of law and substitute in lieu thereof the following: That the entirety of the property listed in the inventory belongs to Fanny Krone subject to administration; (3) strike that portion of the third paragraph of the judgment after the word "marriage" and substitute in lieu thereof the following: but the entirety of the estate of said decedent is vested in Fanny Krone subject to administration.

As thus modified the judgment is affirmed, appellant to recover her costs.

McComb, J., and Wilson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 19, 1948.