opinion. Opper, Judge: Apart from the issue concededly controlled by Michael Downs, and which must accordingly now[1] be decided in favor of respondent, this proceeding presents the unusual factual background of a bigamous marriage innocently contracted by petitioner. Although he was subsequently granted an annulment, this had not yet occurred in the year in controversy, and the issues are whether petitioner is entitled to treat his salary as community income and to return and pay tax upon the half interest only; and whether in the alternative he is entitled to deduct as a bad debt sums assertedly acquired by the putative wife out of their joint bank account. Even the cases relied upon by petitioner do not extend to such a situation as this. The most that they hold is that the innocent party to an invalid marriage may insist upon an equitable division of property as though the marital community had in fact existed, Feig v. Bank of Italy National Trust & Savings Assn., 218 Cal. 54; 21 Pac. (2d) 421; Figoni v. Figoni, 211 Cal. 354; 295 Pac. 339; or in exceptional situations that the bigamous spouse may similarly demand a share of the marital property, provided she innocently assumed in good faith at the time that she was free to contract another marriage. Schneider v. Schneider, 183 Cal. 335; 191 Pac. 533. Even if that principle be accepted, the record is devoid of any showing that petitioner’s putative wife entered the marriage in good faith, or thought that she was free to do so. See Vallera v. Vallera, 21 Cal. (2d) 681; 134 Pac. (2d) 761; Flanagan v. Capital National Bank of Sacramento, 213 Cal. 664; 3 Pac. (2d) 307. Qn the contrary, throughout his brief petitioner refers to her “fraudulent misrepresentations,” a phrase which must presuppose her guilty knowledge. It follows that the factual basis for the application even of the authorities relied on by petitioner is lacking, and that we are hence under no necessity to consider the legal question as to whether these authorities would otherwise be applicable to the tax liability of a California taxpayer. We conclude that petitioner has not shown any ground for treating his salary as community income. As to the bad debt contention, according to petitioner’s bank statement, the total withdrawals from the joint account during 1943, which is the year in controversy, were $4,010. As our findings show, of this amount $3,250.85 was withdrawn by petitioner himself or for his account. The balance of $759 almost exactly equals the excess of the closing over the opening balance, and is less than the $900 which he testified he recovered in the following year. It is accordingly impossible to find from this record that petitioner did not eventually receive all of these funds due him. There could thus be no debt, at least in 1943, for the worthlessness of which a deduction would be permissible. We find no error in respondent’s determination. Decision will be entered for the respondent. 7 T. C. 1053; affd. (C. C. A., 9th Cir.), 166 Fed. (2d) 504; certiorari denied, 334 U. S. 832.