Catherine **SPEEDLING**, Petitioner and Claimant,

v.

Oveta Culp **HOBBY**, Secretary of Health, Education, and Welfare of the United States of America, Respondent.

Civ. No. 33907.

United States District Court
N. D. California, N. D.
July 5, 1955.

**834**

Johnson & Stanton, Harry L. Fledder-man, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., James B. Schnake, Asst. U. S. Atty., San Francisco, Cal., Parke M. Banta, Gen. Counsel, Newton Montgomery, Atty., Dept. of Health, Education and Welfare, Washington, D. C., for respondent.

ROCHE, Chief Judge.

This is an action brought under Sec. 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare consisting of a decision which was rendered on May 26, 1954, by the Appeals Council, Social Security Administration, Department of Health, Education and Welfare.[1] This decision held that petitioner herein is not entitled to "mother's insurance benefits," on the grounds that she is not the widow of Ray W. Speedling (hereinafter referred to as "wage earner" or "decedent") within the meaning of the Social Security Act.

The material, undisputed facts of this case are as follows:

Both petitioner and deceased wage earner were previously married to other spouses. On November 2, 1933, and July 10, 1934, interlocutory decrees of divorce were awarded to the respective spouses of both parties in California. Before either divorce decree became final, the wage earner and petitioner went to Arizona where they entered into a ceremonial marriage on September 22, 1934.

Petitioner testified that prior to entering said marriage in Arizona they had consulted an attorney in Arizona who advised that since they were residing in Arizona they could contract a valid marriage in that state provided that they remained away from California until each had received a final decree of divorce. Petitioner and wage earner relied upon such advice and did not return to California until after both final divorce decrees were entered.[2] They then lived together in this state as man and wife for eighteen years, and had two children. Wage earner died intestate, on November 11, 1952.

1. The Statutory provisions for Federal old-age and survivor's benefits are found in title II of the Social Security Act, Section 201 et seq., Title 42 U.S.C.A. § 401 et seq.

2. There is no question of the good faith of the parties in entering into this marriage.

On December 12, 1952, petitioner filed an application for survivor's insurance benefits (i. e., "mother's insurance benefits" on her own behalf and "child's insurance benefits" on behalf of her two children). The Bureau of Old-Age and Survivor's Insurance awarded to each of the children "child's insurance benefits" and awarded the petitioner the lump-sum death payment as a person "equitably entitled" thereto by reason of having paid the expenses of burial of decedent.[3] The Bureau, however, disallowed the application for "mother's insurance benefits" on the ground that petitioner was not the wage earner's widow. Petitioner then requested and obtained a hearing before a referee in the Office of the Appeals Council, Social Security Administration, Department of Health, Education and Welfare. On February 25, 1954 the referee issued his decision holding that petitioner was not entitled to the benefits for which she had applied. On May 26, 1954, the Appeals Council affirmed the referee's decision.

The controlling provisions of the Social Security Act are those contained in Sec. 216(h) (1), 42 U.S.C.A. § 416(h) (1), relating to the "Determination of Family Status", which provides:

"In determining whether an applicant is the wife, husband, widow, widower, child, or parent of a fully insured or currently insured individual for purposes of this subchapter, the Administrator shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, husband, widow, widower, child, or parent shall be deemed such."

Inasmuch as the wage earner was domiciled in California at the time of his death, the issue of whether petitioner meets the Social Security Act definition of "widow" is to be decided by reference to the law which would be applied by the California courts "in determining the devolution of intestate personal property."

It is petitioner's contention that under the law of the State of California she is the putative spouse of the deceased and that she is entitled to the same share of the intestate personal property of the deceased (property which in this case was entirely acquired during the putative marriage) as a legal spouse or widow and therefore, under Section 216 (h) (1) of the act, she has the same status with regard to the devolution of the intestate property as a widow of the deceased. The issue before this court is whether the claimant, under the law of California, would have the same status as a widow relative to taking the intestate personal property of decedent.

When a marriage in California is invalidly entered into prior to entry of a final decree of divorce of a previous marriage of one of the spouses, the spouses being ignorant of the invalidity, and entering into the marriage in good faith and treating it as a valid one over a period of years, it is conceded by respondent that such marriage is treated as a putative marriage and property thereby accumulated is treated as if it were community property. Coats v. Coats, 160 Cal. 671, 118 P. 441, 36 L.R.A.,N.S., 844; Schneider v. Schneider, 183 Cal. 335, 191 P. 533, 11 A.L.R. 1386; In re Estate of Krone, 83 Cal.App.2d 766, 189 P.2d 741.

Under the rule of law enunciated in the Estate of Krone, supra, the claimant

3. By statute in California, Civil Code, § 85, the children of a void marriage are legitimate, notwithstanding the invalidity of the parents' marriage.

herein is entitled to take the same share which a lawful widow takes in any property which may have been acquired during the marriage by the spouses and to which the deceased died intestate. In the instant case since all of the property of decedent was acquired during his marriage to petitioner she is legally entitled to his entire estate. She therefore takes the same share that a legal widow would be entitled to take.

 The provisions of Section 216 (h) (1) have been set out above. A reading of this statute indicates that claimant does not have to be the lawful widow of the decedent, but rather must have the *same status relative to taking intestate personal property as a widow.* Under the Krone doctrine, claimant meets the standards of the statute, as under California law she is entitled to take the same share or "have the same status" as a lawful widow.

The respondent argues, assuming that the Krone case is appropriately applicable to Section 216(h) (1), that petitioner does not meet the requirements of that section because a putative spouse does not take intestate personalty as a widow would, i. e., the same share, in all cases, as the putative widow may have no right to take separate property. The respondent then argues that claimant must take all types or kinds of property which decedent may ever possibly have, as a widow would. Suffice it to say, that in the instant case petitioner is entitled to all of the decedent's personal property (property acquired during the marriage) as all of the property left by decedent has been given community property status by the California courts. It is true that in other factual situations not before the court at this time, certain problems may arise which will require legal determination. However, the court is of the view that these other questions do not affect the determination of the issue presented herein.

In view of the fact that petitioner married decedent in good faith believing her marriage valid, that she lived with him for a period of eighteen years bearing him two children, that all the property of decedent is property of this marriage, and that California law has given the putative spouse the same rights in this property as a valid widow,

It is hereby ordered that judgment be entered herein against the respondent reversing the decision heretofore entered in this case. The respective parties to pay their own costs.