[Civ. No. 12338.  Third Dist.  Jan. 20, 1970.]

ISABELLE E. BRENNFLECK, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
CONSOLIDATED FREIGHTWAYS CORPORATION OF
DELAWARE, Respondents.

**COUNSEL**

Neyhart, Grodin & Beeson and Frank M. Brass for Petitioner.

Everett A. Corten, Marcel L. Gunther, Mullen & Filippi and Charles F. Lee for Respondents.

## OPINION

**BRAY, J.**\*—Petition to annul portions of the Opinion and Decision after Remittitur issued by the Workmen's Compensation Appeals Board.

### QUESTIONS PRESENTED

*Can a putative wife be a "surviving widow" under section 4702 of the Labor Code?*

### RECORD

Carl Brennfleck, who was employed as a truck driver by Consolidated Freightways Corporation of Delaware, was injured in the scope of his employment September 29, 1966, which injury proximately caused his death on November 11. He left surviving him his wholly dependent putative spouse, petitioner herein, and three sons. Petitioner filed an application before respondent Workmen's Compensation Appeals Board for death benefits for herself and the sons. Consolidated's answer contained no denials other than the issue of "dependency and identity of dependents." After a hearing, the referee found that deceased left surviving him, wholly dependent, his wife and the sons and awarded them a death benefit of $20,500—$3,000 of which award was based on the assumption that petitioner was Carl's "widow."

Claiming surprise and that petitioner had not claimed "surviving widow" status in her application, and that as petitioner had been Carl's putative wife, she was not his widow, Consolidated moved for reconsideration of that portion of the award giving her the additional $3,000. Reconsideration was granted. On reconsideration the board reduced the award to $17,500 and stated that Isabelle Brennfleck was not a dependent of the decedent "nor was she his widow." On petition to this court for an annulment of said order, the court annulled it in part for failure of the appeals board "to state the evidence relied upon and to detail the reasons for its action as required by section 5908.5" and remanded the matter for further action. (*Brennfleck* v. *Workmen's Comp. App. Bd.* (1968) 265 Cal. App.2d 738, 746 [71 Cal.Rptr. 525].) The evidence disclosed that the former wife of Carl had obtained from him an interlocutory decree of divorce in March 1960. Carl had consulted a lawyer in Stockton who apparently advised him he could remarry. He then asked petitioner to marry him. After consulting a Mexican lawyer who advised them they could be legally married, the parties were married in Nogales, Mexico, on April 14, 1960, at which time the divorced wife was still alive. The

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

parties honeymooned in Mexico and from that date on until Carl's death in 1966 lived as husband and wife. They had two children and adoption proceedings by Carl to adopt petitioner's son by a prior marriage were in progress when Carl died. The parties purchased real property together, filed joint income tax returns, and were known in the community as husband and wife. The board issued its Opinion and Decision after Remittitur holding that petitioner was decedent's wholly dependent putative spouse and was entitled individually and as guardian ad litem and trustee of the minor children to an award of $17,500. The board further held that a putative spouse is not a "surviving widow" under section 4702 and the provision of that section for a maximum death benefit of $20,500 to a surviving widow is not applicable. Petitioner brings this petition to have it determined that she is such surviving widow.

*Is petitioner a "surviving widow" under*
*section 4702 of the Labor Code?*

That section provides in pertinent part that the death benefit, when added to all accrued disability indemnity, shall be the sum of $17,500, except in the case of a "surviving widow" and one or more dependent minor children, in which case the death benefit shall be $20,500.

The exact question of whether a surviving putative spouse is a "surviving widow" under section 4702 is a question of first impression in the courts of California.  ■  From an early date our courts have held that a person who enters into an invalid marriage with another but believes that she (or he) is validly married is entitled to a share in the assets acquired during the course of the "marriage" that would have been community property in a valid marriage. (*Coats* v. *Coats* (1911) 160 Cal. 671, 675, 678 [118 P. 441, 36 L.R.A. N.S. 844]; *Schneider* v. *Schneider* (1920) 183 Cal. 335, 341 [191 P. 533, 11 A.L.R. 1386]; see 4 Witkin, Summary of Cal. Law (7th ed. 1960) Community Property, §§ 8-12, pp. 2714-2720.) This rule applies whether the marriage is void or voidable. (*Schneider* v. *Schneider, supra,* at p. 341.) The reason for such division of the property is the fundamental unfairness which would result if one spouse were to retain all the property when the efforts of both were required to acquire it. Although there has been some difference in the amount of the "community" assets awarded the de facto wife, it has been generally held that she takes the same share as a legal wife, being recognized as the surviving spouse for the purposes of succession under Probate Code section 201. ( *Estate of Krone* (1948) 83 Cal.App.2d 766, 769-770 [189 P.2d 741]; *Estate of Foy* (1952) 109 Cal.App.2d 329, 332 [240 P.2d 685]; 4 Witkin, Summary of Cal. Law (7th ed. 1960) Community Property, § 10, pp. 2716-2717.)

The putative wife may bring an action for the wrongful death of the husband. (*Kunakoff* v. *Woods* (1958) 166 Cal.App.2d 59, 67 [332 P.2d 773].) There the putative wife brought an action for the wrongful death of her spouse. The trial court granted defendants' motion to dismiss the action as to her on the ground that she had no standing to maintain the action. Code of Civil Procedure section 377 limits persons who can bring an action for wrongful death to decedent's heirs or personal representatives, and the court determined that a putative spouse was not an "heir." The appellate court reasoned that since the putative spouse succeeds under Probate Code section 201 to the community estate, she is an "heir" and is entitled to maintain an action for wrongful death. (*Kunakoff* v. *Woods, supra,* 166 Cal.App.2d at p. 67.) ■ It is therefore established that a putative spouse has the right to maintain an action for the death of her husband caused by any wrongful act or neglect of another.

The Industrial Accident Commission has issued contradictory decisions on the right of the putative spouse to receive death benefits under the Workmen's Compensation Law. In *Argonaut Ins. Exchange* v. *Industrial Acc. Com.* (1957) 22 Cal.Comp.Cases 61, it was held that the putative spouse was not a "surviving widow" within the meaning of section 4702. On the other hand, *Holloway* v. *Fast Transp.* (1966) 31 Cal.Comp.Cases 430, held, in dictum, that she was. However, in an alternative holding in that case the board held that the presumption of a valid marriage had not been rebutted and hence it need not determine whether a putative spouse was a surviving widow. In *Temescal Rock Co.* v. *Industrial Acc. Com.* (1919) 180 Cal. 637 [182 P. 447, 13 A.L.R. 683], dealing with the Workmen's Compensation Act as it then read, the issue was whether the putative spouse was entitled to death benefits as a dependent member of the household. Without discussion, the court held that the putative spouse was not a "wife" but that if she in good faith believed she was legally married, she was a dependent member of the household. (See also *Louden* v. *Industrial Acc. Com.* (1930) 105 Cal.App. 65, 69-70 [286 P. 1045].)

"[T]he public policy of the state is declared in the Workmen's Compensation Act. [Citation.] ■ All provisions of the workmen's compensation law should be liberally construed to effect the law's beneficent purposes. [Citation.] ■ The theory of the compensation act as to death cases is that the dependents of the employee killed through some hazard of his employment shall be compensated for the loss of the support they were receiving from him at the time of his death." (*Van Horn* v. *Industrial Acc. Com.* (1963) 219 Cal.App.2d 457, 466-467 [33 Cal.Rptr. 169]; *Foremost Dairies, Inc.* v. *Industrial Acc. Com.* (1965) 237 Cal.App.2d 560, 565

[47 Cal.Rptr. 173]; *Lowman v. Stafford* (1964) 226 Cal.App.2d 31, 37 [37 Cal.Rptr. 681].)

Logically, there does not seem to be any good reason why a putative spouse who believes that she is married and who lives with the putative husband, taking care of his household and him just as a legal wife would do, should not receive the same death benefits as a legal wife would. There is a fundamental unfairness in treating such a putative wife who has reason to believe and in good faith believes that she is the workman's wife, as does he, differently from a legal wife. The putative wife has contributed equally as much as the legal wife in preparing the workman's meals, encouraging him in his work and generally enabling him to carry on. ■ Of course, the right to workmen's compensation benefits is solely statutory, and the liberality of construction with which the act is to be construed does not justify extending benefits beyond the expressed intent of the Legislature. (*Ruiz v. Industrial Acc. Com.* (1955) 45 Cal.2d 409, 413 [289 P.2d 229].)

■ There are three logical reasons why a putative spouse is to be considered a "surviving widow" within the section 4702 definition. They are: workmen's compensation laws should be likened to the comparable sections on intestate succession; the Legislature should not be presumed to intend an unjust result not necessitated by the section's language; and we consider the relative infrequency of conflict between a putative spouse and a legal spouse and the simple disposition by division within the framework of the workmen's compensation statutes.

From an early date courts have held that a putative spouse is entitled to one-half the community property on the dissolution of the "marriage." (See authorities hereinbefore cited.) Probate Code section 201 provides: "Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of sections 202 and 203 of this code."

No case prior to *Estate of Krone, supra,* 83 Cal.App.2d 766, considered the effect that this code section had on the disposition of property acquired during the course of a putative relationship. Prior to 1923 the division of the property was on the basis of equitable principles. (See authorities hereinbefore cited.) In *Krone, supra,* at pages 769-770, the court stated, "none of the authorities . . . involved a consideration of the statute subsequently enacted whereby the surviving spouse of a valid marriage inherits the entire estate in event of intestacy. [Citation.] But the logic appears irrefutable that if according to statute the survivor of a valid, ceremonial marriage shall be entitled to take all of the community estate upon its dissolution, then

by parity of reasoning why should not the wife inherit the entire estate of a putative union upon the death of her husband intestate? Clearly she does inherit all." The reasoning and holding employed in *Krone* have been consistently applied in the courts of this state. (*Estate of Goldberg* (1962) 203 Cal.App.2d 402, 412 [21 Cal.Rptr. 626]; *Estate of Ricci* (1962) 201 Cal.App.2d 146, 149 [19 Cal.Rptr. 739]; *Estate of Long* (1961) 198 Cal.App.2d 732, 738 [18 Cal.Rptr. 105]; *Kunakoff* v. *Woods, supra,* 166 Cal.App.2d 59, 64-65.)

■ "[T]he right to succession is not an inherent or natural right. It is only by virtue of statute that an heir is given the right to receive any of his ancestor's estate." (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97]; *Estate of Knutzen* (1948) 31 Cal.2d 573, 578 [191 P.2d 747]; see also 16 Cal.Jur.2d, Rev., § 6, pp. 8-9.) There is authority to the effect that the statutory requirements must be followed and the courts may not alter them, although the provision in question is unfair. (*Farmers etc. Nat. Bank* v. *Superior Court* (1945) 25 Cal.2d 842, 845 [155 P.2d 823]; *Harkness* v. *Harkness* (1962) 205 Cal.App.2d 510, 515-516 [23 Cal.Rptr. 175].) However, it clearly appears that the courts did so in order to insure that the putative spouse would be protected. It is important to note that the courts have, since the date of *Krone, supra,* treated the term "spouse" *as it appears in a statute* as encompassing the term "putative spouse." The analogy is particularly in point where, as here, descent and distribution and workmen's compensation are defined as strict creatures of statute. (*Ruiz* v. *Industrial Acc. Com., supra,* 45 Cal.2d at p. 413.)

■ It is an elementary rule of statutory construction that the Legislature will never be presumed to have intended an unjust result. ■ "[I]t will not be presumed to have used inconsistent provisions as to the same subject in the immediate context." (*In re Haines* (1925) 195 Cal. 605, 613 [234 P. 883];[1] see generally 45 Cal.Jur.2d, § 99, p. 613.)

It is appropriate to contrast the situation of the putative spouse whose husband is killed by the negligence of a third party and the one whose husband is killed within the scope and course of his employment. The first woman, as a putative spouse and heir, would have the right to maintain an action for wrongful death. (*Kunakoff* v. *Woods, supra,* 166 Cal.App.2d at p. 67.) The second, under the law as interpreted by the Workmen's Compensation Appeals Board, would have only the right to share in the $17,500 death benefits. She would not be entitled to benefits as a sur-

---

[1]Overruled on another point in *In re Culver* (1968) 69 Cal.2d 898, 904 [73 Cal. Rptr. 393, 447 P.2d 633].

viving spouse. The Legislature intended workmen's compensation to be a certain but limited recovery, and in the situations where it is applicable, the exclusive recovery. (Lab. Code, § 3601; see 32 Cal.Jur.2d, § 81, pp. 497-498.)

Lastly, we note the third situation described above: the rare instances where there might be a conflict between a surviving putative spouse and a surviving legal spouse. It is only in those instances where the Workmen's Compensation Appeals Board could arguably face the possibility of double payment. (However, as will be noted below, there is no necessity for such double payment.)

■ Labor Code section 3501 provides in part: "The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she was living at the time of his injury, or for whose support such husband was legally liable at the time of his injury." It is apparent that a widow, to receive the benefit of this presumption, must be either living with her husband, or he must be liable for her support.

It would be impossible to have a putative relationship, since good faith is the key factor, in a situation where the husband was also living with his legal wife. A putative relationship could only arise where one spouse was in some way still legally liable to a first spouse for support and (presumably) where the first spouse was not estopped. There would be no duty to support if the legal wife deserted her husband or if they are living apart by agreement. (Civ. Code, § 175.)

The cases in which there would be a conflict between two claimants therefore are few.

This court, in *Estate of Ricci, supra,* 201 Cal.App.2d 146, handled the problem of a surviving legal spouse and a surviving putative spouse both claiming a share in the estate left by their husband. We held that the putative spouse would receive what would be her one-half of the estate and the legal wife would receive the half which would otherwise be free for the husband's testamentary disposition. (Pp. 151-152.)

■ Labor Code section 4703 provides in part: "If there is more than one person wholly dependent for support upon a deceased employee, the death benefit shall be divided equally among them." No reason is seen why this statute could not be applied in the rare instance where the described situation exists.

■ In conclusion it is noted that the Workmen's Compensation Appeals Board already has the responsibility of determining the "good faith"

of a person claiming to be a member of the decedent's household (Lab. Code, § 3503), and the appeals board has determined the "good faith" of the putative spouse in deciding whether she was entitled to these benefits. No hardship on the appeals board is contemplated by deciding that a putative spouse is entitled to benefits as a surviving spouse.

That portion of the Opinion and Decision after Remittitur issued by the Workmen's Compensation Appeals Board which holds that petitioner is not the surviving widow of Carl Brennfleck and awarding her individually and as guardian and trustee of the minor children the sum of $17,500 only, is annulled. The cause is remanded for further proceedings consistent with this opinion.

Pierce, P. J., and Regan, J., concurred.