50 Cal.App.3d 572 (1975)
123 Cal. Rptr. 445
Estate of GRANT V. LEVIE, Deceased.
BELVA SPINI, Petitioner and Respondent,
v.
SHERREY E. HANKINS, as Administratrix, etc., Objector and Appellant.
Docket No. 36627.
Court of Appeals of California, First District, Division Four.
August 11, 1975.
*574 COUNSEL
Elton F. Martin and James G. Luce for Objector and Appellant.
Howard C. Anawalt for Petitioner and Respondent.
OPINION
CHRISTIAN, J.
Sherrey E. Hankins (appellant) filed in the superior court (San Mateo) a petition for letters of administration in the estate of her deceased father, Grant V. Levie. Belva Spini (respondent in this appeal) objected, alleging that she was the surviving spouse entitled to priority, under Probate Code section 422, in the granting of letters. The court granted letters to appellant.
Respondent then petitioned for a determination of heirship, again alleging that she was entitled to be recognized as decedent's surviving spouse. The court determined that respondent was a putative spouse and that she was entitled to receive all the property acquired by decedent during the supposed marriage and one third of the other property of decedent.
The petition to determine heirship was submitted on stipulated facts, as follows:
1. Grant V. Levie died intestate on November 30, 1973, in San Mateo County, State of California, being then a resident of said county and state;
2. Grant V. Levie had more than one child surviving him at the time of his death, all of such children having been the issue of the marriage between Grant V. Levie and Elnora Levie which marriage was terminated by a valid divorce prior to 1964 in the State of California;
3. Sherrey E. Hankins is one of the said children of Grant V. Levie, surviving him at the time of his death;
4. Grant V. Levie and Belva Levie entered into a marriage ceremony in Reno, Nevada on December 8, 1972, and at such time both parties in good faith thought they were entering into a valid marriage;
*575 5. Said marriage ceremony was performed in conformance with all the procedural requirements of Nevada law, and is a valid marriage unless invalid because Belva Levie and Grant V. Levie were related as first cousins at the time of their marriage;
6. Grant V. Levie and Belva Levie were at the time of their marriage in fact related as first cousins, their natural fathers being brothers;
7. Grant V. Levie and Belva Levie were both residents of the State of California at the time of said ceremony;
8. Subsequent to said marriage until the death of Grant V. Levie, Belva Levie and Grant V. Levie lived together continuously as husband and wife and held themselves out as such to all the world;
9. Prior to said marriage ceremony, Grant V. Levie had accumulated substantial separate property which he possessed at the time of said ceremony; and
10. Subsequent to said ceremony, Grant V. Levie and Belva Levie may have accumulated some property which would have been community if their marriage is recognized as valid in California.
Decedent and respondent, as first cousins, could lawfully have been married in California (Civ. Code, § 4400). But it is conceded by respondent that the marriage ceremony performed in Nevada was invalid in that state because of the parties' consanguinity (Nevada Rev. Stats., § 122.020).[1] Appellant in turn concedes that respondent, as a putative spouse, was entitled to succeed under Probate Code section 201 to all property which would have been community property if the marriage had been valid.
*576 (1) Appellant contends, citing Civil Code section 4104,[2] that because the attempted marriage was void in Nevada, the state where contracted, it is void in California. It is true that the statute (and a predecessor enactment, former Civ. Code, § 63) do not speak expressly of the invalidity in California of a marriage which was void where performed. But the statute by implication adopts the common law rule that "the law of the place of marriage controls the question of its validity." (Colbert v. Colbert (1946) 28 Cal.2d 276, 280 [169 P.2d 633]; see 52 Am.Jur.2d, Marriage, § 80; 6 Witkin, Summary of Cal. Law, Husband and Wife, § 28, p. 4898.)
Citing Hurtado v. Superior Court (1974) 11 Cal.3d 574 [114 Cal. Rptr. 106, 522 P.2d 666], respondent presents a choice-of-law analysis in support of an argument that because the parties were eligible to marry in California their attempted marriage should be treated as valid in California judicial proceedings. But Civil Code section 4104 is a legislative direction governing the choice of law. Under the stipulated facts it must be concluded that the invalid Nevada marriage is not to be treated as valid in California.
(2) Respondent contends that even if the invalidity of the marriage be conceded she should be permitted, as a putative spouse, to receive under Probate Code section 221 a surviving spouse's share of the separate property of the decedent. No authority is cited for this proposition; respondent points to the intention expressed in the Family Law Act to exclude concepts of fault and punishment from any influence in the determination of family property rights (citing In re Marriage of Cary (1973) 34 Cal. App.3d 345 [109 Cal. Rptr. 862]). But the right of a putative spouse to succeed to an interest in property which would have been community property but for the invalidity of the marriage is not based on concepts of fault. It is derived instead from "[e]quitable considerations arising from the reasonable expectation of the continuation of benefits attending the status of marriage entered into in good faith ..." (Vallera v. Vallera (1943) 21 Cal.2d 681, 685 [134 P.2d 761]; also see Estate of Krone (1948) 83 Cal. App.2d 766 [189 P.2d 741].) No California decision has been found, suggesting that a putative spouse is entitled to succeed, under Probate Code section 221, to an interest in any property which the decedent owned before the putative marriage. The equities connected with property acquired during the putative marriage *577 do not apply, as the joint efforts of the putative spouses did not contribute to the acquisition of previously held property; to recognize in the putative spouse an interest in previously held property of the decedent would unjustifiably disregard the statutory scheme governing intestate succession of separate property. (Prob. Code, § 220 et seq.)
The order is reversed with directions to enter a new order limiting the award to respondent of property, acquired during the putative marriage, which would have been community property if the marriage had been valid.
Caldecott, P.J., and Emerson, J.,[*] concurred.
NOTES
[1] Nevada Revised Statutes, section 122.020:

"1. Male persons of the age of 18 years, and female persons of the age of 16 years, not nearer of kin than second cousins or cousins of the half blood, and not having a husband or wife living, may be joined in marriage.
"2. Except as provided in subsections 3 and 4, each female person under the age of 18 years, shall, prior to marriage, obtain the consent of her father.
"3. The consent of the mother shall be obtained if the parents are divorced or separated and the mother has custody of the child pursuant to a judicial decree, or in case of the death, incapacity or prolonged absence of the father.
"4. The consent of the guardian shall be obtained in case of death or incapacity of both parents."
[2] Civil Code section 4104:

"All marriages contracted without this state, which would be valid by the laws of the jurisdiction in which the same were contracted, are valid in this state."
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.