[No. E006114. Fourth Dist., Div. Two. Oct. 18, 1989.]

Estate of BEN SAX, Deceased.
DOROTHY SAX, Petitioner and Respondent, v.
PEARL SAX et al., Claimants and Appellants.

**COUNSEL**

Dennis F. Beltram and Chandler Brown for Claimants and Appellants.

Schlect, Shevlin & Shoenberger and John C. Shevlin for Petitioner and Respondent.

## OPINION

**MANDABACH, J.**[*]—The decedent's putative spouse by an invalid second marriage petitioned the court pursuant to Probate Code section 13650[1] for determination of property passing to the surviving spouse without administration and for confirmation of property belonging to the surviving spouse. Decedent's former spouse filed an opposition to the putative spouse's petition and filed her own petition for determination of heirship (section 1080). The former wife presented a will which predated the putative marriage and named the former wife as the sole beneficiary of the decedent's estate. The court applied section 6560 and granted the putative spouse's petition. The former spouse appeals.

### ISSUE

The issue presented by this case is whether a surviving putative spouse is a "surviving spouse" within the meaning of section 6560 and thereby entitled to claim the decedent's interest in the quasi-marital property as an omitted spouse. (The appellant and respondent refer to this property as community and quasi-community property.) The issue appears to be one of first impression.

### FACTS

The facts upon which the trial judge based his order were presented by way of stipulation. The facts as stipulated are presented below. Since the respondent Dorothy Sax is stipulated to be a putative spouse in the stipulations below, she will be hereinafter referred to as the "putative spouse." The appellant Pearl Sax will be hereinafter referred to as the "former spouse."

Decedent's affidavit for final judgment of divorce from his former spouse was filed with the court for signature on October 8, 1957. The decedent remarried that same day. The final judgment of divorce which terminated the decedent's first marriage was signed and entered in the judgment book of the court not on the date filed with the court but on the following day, October 9, 1957. Since the judgment of divorce did not become effective until one day following the decedent's remarriage, the second marriage was void. The respondent is stipulated to be a "putative spouse" within the meaning of Civil Code section 4452. The assets described in the spousal property petition are stipulated to be the community or quasi-community

---

[*] Assigned by the Chairperson of the Judicial Council.

[1] All further statutory references are to the Probate Code unless otherwise indicated.

property of the decedent and his putative spouse acquired during the term of their marriage.

The spousal property petition describes the property as 1,000 shares of common stock in Sax Enterprises, a California corporation, and a 1972 Budger mobilehome. The form of title is not described.

A document dated March 18, 1942, purports to be decedent's will. This document makes no provision for the putative spouse. The document instead leaves the decedent's estate to the decedent's former wife Pearl Sax.[2]

The trial court ruled that the putative spouse was entitled to the decedent's one-half interest in the assets described in the petition pursuant to section 6560. The court further ruled that the term "spouse who married the testator" did not remove the putative spouse from the definition of "omitted spouse." The court granted the putative spouse's spousal property petition.

## DISCUSSION

Counsel in the trial court framed the facts in such a way that the trial court was required to grant the putative spouse's petition if she was found to come within Probate Code section 6560 and was required to deny the petition if the putative spouse did not come within this section. The trial court ruled that the putative spouse came within Probate Code section 6560 and granted the petition. We affirm.

A search of case law does not produce precise authority for the issue presented. Section 6560, which is the focus of the case at bar, was enacted in the Probate Code revision of 1983. A 1984 amendment did not affect the relevant portion. Section 6560 superseded the provisions of section 70 which was enacted in 1931. Since the enactment of these two code sections, no published case has addressed the issue of whether a putative spouse qualifies as an omitted spouse. A search of the predecessor statute to section 70 is less meaningful because section 70 differs significantly from its predecessor.

A search of legislative history is no more productive than the search for case law. The Law Revision Commission recommendation (Tent. Recom-

---

[2] The issue of the validity of decedent's will is not considered here. The reporter's transcript makes it clear that counsel wished the court to decide this case by determining the applicability of section 6560. Counsel wished the trial court to treat the will as if valid. The putative spouse indicated she would reserve arguments as to validity should the trial court find section 6560 not applicable.

mendation Relating to Wills and Intestate Succession (Nov. 1982) 16 Cal. Law Revision Com. Rep. (1982) pp. 2344-2345) discusses the omitted spouse but does not address the issue before this court. Further, the actual code section adopted differs in language from the model code discussed by the Law Revision Commission.

Since there is no case interpreting the section, and since legislative intent offers no guidance, this court must turn to the rules of statutory construction. ■ It is a principle of statutory construction that a legislature is presumed to be aware of the judicial interpretation of words dealing with the same or analogous topics. Further, a legislature is presumed to intend the same well-settled meaning of these words unless it expressly states otherwise. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874]; *Allis-Chalmers Corp.* v. *City of Oxnard* (1981) 126 Cal.App.3d 814, 819 [179 Cal.Rptr. 159]; *Estate of Hoegler* (1978) 82 Cal.App.3d 483 [147 Cal.Rptr. 289].)

The fact that this code section was part of a revision of the entire Probate Code would lead one to an even greater expectation that the well-established meaning of terms and the interconnection of provisions had been considered by the Legislature.

■ At the time of enactment of section 6560, the term "surviving spouse" had acquired a well established interconnection to the term "putative spouse." In *Brennfleck* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.App.3d 666 [84 Cal.Rptr. 50] the court cited *Estate of Krone* (1948) 83 Cal.App.2d 766 [189 P.2d 741]. At page 673, Justice Bray stated: "It is important to note that the courts have, since the date of *Krone, supra,* treated the term 'spouse' *as it appears in a statute* as encompassing the term 'putative spouse.'" (Italics in original.)

Our Supreme Court in *Estate of Leslie* (1984) 37 Cal.3d 186 at pages 196-197 [207 Cal.Rptr. 561, 689 P.2d 133] found that a putative spouse was encompassed within the term "surviving spouse" as used in sections 331 and 422. The decision explores the cases which have considered whether a putative spouse is a "surviving spouse." (*Id.,* at pp. 192-200.) These cases will be briefly listed here.

One of the most frequently cited cases is *Estate of Krone, supra,* 83 Cal.App.2d 766. In holding that a putative spouse came within the term "surviving spouse" for intestate succession to the decedent's interest in the community assets, the court looked to the principles expressed by our Supreme Court in *Coats* v. *Coats* (1911) 160 Cal. 671 [118 P. 441] and *Schneider* v. *Schneider* (1920) 183 Cal. 335 [191 P. 533, 11 A.L.R. 1386].

(*Id.,* at pp. 768-769.) These cases dealt with the problem of the putative spouse. *Schneider* at page 341 states, ". . . courts will . . . apply by analogy the rule which would obtain when a valid marriage is dissolved."

Other cases which found that a putative spouse is encompassed by the term "surviving spouse" under section 201 (now replaced by section 6401) and its predecessor are *Feig* v. *Bank of America etc. Assn.* (1936) 5 Cal.2d 266, 273-274 [54 P.2d 3]; *Mazzenga* v. *Rosso* (1948) 87 Cal.App.2d 790, 793-794 [197 P.2d 770]; and *Estate of Foy* (1952) 109 Cal.App.2d 329, 332 [240 P.2d 685].

The putative spouse has been found to come within the term "surviving widow" for purposes of workmen's compensation death benefits under Labor Code section 4702. (*Brennfleck* v. *Workmen's Comp. App. Bd., supra,* 3 Cal.App.3d at p. 672; *Neureither* v. *Workmen's Comp. App. Bd.* (1971) 15 Cal.App.3d 429, 433 [93 Cal.Rptr. 162].)

A putative spouse has been found to come within the term "spouse" in Code of Civil Procedure section 377 to bring an action for wrongful death. (*Kunakoff* v. *Woods* (1958) 166 Cal.App.2d 59, 67-68 [332 P.2d 773].)

A putative spouse has been found to be a "surviving spouse" within the meaning of Government Code sections 21363 and 21364 to claim the death benefits of her policeman husband. (*Adduddell* v. *Board of Administration* (1970) 8 Cal.App.3d 243, 247-249 [87 Cal.Rptr. 268].)

Federal cases which follow state law have had no difficulty determining that a putative spouse is a "widow" to be eligible to receive Social Security mother's insurance benefits. (*Speedling* v. *Hobby* (N.D.Cal. 1955) 132 F.Supp. 833, 836; *Aubrey* v. *Folsom* (N.D.Cal. 1957) 151 F.Supp. 836, 840). They have found a putative spouse to be a "surviving wife" under the Longshoremen's and Harbor Workers' Compensation Act. (*Holland America Insurance Company* v. *Rogers* (N.D.Cal. 1970) 313 F.Supp. 314, 318-320.)

A federal court has also found a putative spouse to be a "spouse" for federal civil service survivor annuity benefits. (*Brown* v. *Devine* (N.D.Cal. 1983) 574 F.Supp. 790, 792.)

With this wealth of cases, one can rest assured that a legislature would have indicated that it intended a meaning different than these cases if it wished to change the interpretation. We find no indication of an intended change.

The former spouse urges that the court not "extend" the rule of *Estate of Leslie, supra,* 37 Cal.3d 186, to the case at hand. The rule of statutory construction set out above requires a court to give to words of art the meaning they have acquired in judicial decisions prior to the enactment of statutes which employ them. That is what we do here today. We conclude that the Legislature was aware of the case law which had given the words "surviving spouse" a well-settled meaning. We therefore hold that a surviving putative spouse is a "surviving spouse" within section 6560.

The former spouse argues that the words "spouse who married the testator" in the flush language of section 6560 indicates an intent of the Legislature that the section be applied only to those validly married. The former spouse offers no authority for this position. The trial court ruled that these words neither defined "omitted spouse" nor qualified them but rather established the time frame with reference to the will. This court notes that the attorneys, in the stipulations that form the basis for this case, used the words "married" and "marriage" in referring to the union of the decedent and the putative spouse. The stipulation recites that the putative spouse and decedent "were married in Las Vegas, Nevada." The stipulation further recites that the assets were acquired by the decedent and putative spouse "during the term of their marriage." One can only conclude that the terms "married" and "marriage" are used by skilled lawyers to refer to invalid as well as valid matrimonial acts and states. The court therefore finds this issue to be without merit.

The former spouse speaks of a number of other possible issues in passing. We find them without merit. The former spouse argues that the trial court incorrectly applied section 6122 and thereby revoked decedent's will. This court disagrees. The trial court in its minute order set out that it was applying Probate Code section 6560. The trial court said nothing about an application of section 6122. There was no need to consider section 6122. Subdivision (f) makes it clear that this section does not apply to a dissolution prior to Jan. 1, 1985. Even more importantly, there was no reason for the trial court to consider this section.

There is some argument that the trial court determined that the decedent's will was invalid. This court finds otherwise. The stipulations and arguments of counsel in the reporter's transcript clearly indicate counsel wished the trial court to decide whether section 6560 was dispositive of the case. The trial court in its minute order indicates that it has decided that the putative spouse was an "omitted spouse" in decedent's will and therefore came within section 6560. If there were no valid will, section 6560 could not apply. From the wording of the trial court's minute order it is clear that the

court considered the will valid for consideration of applicability of section 6560. The trial court needed go no further. It did not.

The former spouse also appears to argue that the language regarding the effective date of section 6122 indicates that section 6560 should not apply to the case at hand. No authority is offered for this argument. The argument appears to rest on a principle of interpretation of statutes in pari materia. Such a principle is enunciated in *Stafford v. Realty Bond Service Corp.* (1952) 39 Cal.2d 797 [249 P2d 241]. At page 805 the court states, ". . .(e)very statute should be construed with reference to the whole system of law of which it is part so that all may be harmonized and have effect." The former wife's argument, in short, appears to be as follows. Sections 6122 and 6560 were both provisions of the revision of the Probate Code. Both sections can have application to cases of the omitted putative spouse. Since the Legislature clearly precluded retroactive revocation of wills through dissolution, one should infer that the Legislature meant to preclude a remedy for an omitted putative spouse if the marriage preceded the effective date of sections 6122. If one were to adopt the former spouse's argument and attempt to add subdivision (f) of section 6122 to section 6560, one can see the mischief that could be created. Section 6560 applies to any omitted spouse, not just an omitted putative spouse. If one engrafted the language of section 6122, subdivision (f), the provision would affect far more than just a putative spouse. In order to adopt the former wife's theory, a court would have to fashion and add a complex retroactivity provision to section 6560. The case of *Estate of Garthwaite* (1933) 131 Cal.App. 321 [21 P.2d 465] addresses this matter of courts adding language to statutes. At pages 324-325 the court states, "[e]qually as strong and imperative is the rule of law which in effect denies to courts authority in anywise to add, or to supply, words to a statute 'except for the most cogent reasons.'"

Then *Garthwaite, supra,* at page 326 cites California Jurisprudence for another time honored principle of statutory construction, ". . . 'where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed';. . ." This court follows these principles of statutory construction. Therefore we find this argument of the former wife to be without merit.

Finally, the former wife argues that *Estate of Hafner* (1986) 184 Cal.App.3d 1371 [229 Cal.Rptr. 676] should apply. *Hafner* was a much different factual situation. In *Hafner* the decedent left both a legal spouse and a putative spouse. (*Id.,* at pp. 1377-1379.) The decedent's estate consisted of the proceeds of a personal injury settlement rather than assets acquired through the joint efforts of the parties. (*Id.,* at p. 1380.) *Hafner* simply does not present the factual situation of the case at bar.

Therefore the trial court did not err in concluding that the putative spouse takes the decedent's undivided one-half (1/2) of the property set out in the petition and stipulated to be community or quasi-community property.[3]

The judgment is affirmed.

McDaniel, Acting P. J., and Hollenhorst, J., concurred.

---

[3] The *Leslie* court (*Estate of Leslie, supra,* 37 Cal.3d 186, 192) and Civil Code section 4452 refer to such property as "quasi-marital property."