**Vergie BURKS, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 99–K–359.**

United States District Court, D. Colorado.

Sept. 22, 1999.

Peter Sprackling Komlos–Hrobsky, Legal Aid Society of Metro Denver, Denver, CO, for Plaintiff.

Kurt J. Bohn, United States Attorney's Office, Civil Division, Denver, CO, for Defendant.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

Vergie Burks (Vergie) filed this action seeking judicial review of the administrative decision of the Defendant, Commissioner of Social Security, denying her application for widow's insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401–433. I heard oral argument on the appeal on July 29, 1999.

### I. Standard for Review

Generally, "we review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards." *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994). In their briefs, the parties argue for this standard of review. *See* 42 U.S.C. § 405(g). The parties conceded at oral argument, however, that there is no fundamental dispute of fact and the issue on review is whether, based on the findings of fact the Administrative Law Judge (ALJ) correctly followed the applicable legal principles. The substantial evidence standard of review is not the correct standard to be applied in this instance because "this limited scope of review does not apply ... to questions of law. 'Failure to apply the correct legal standard or to pro-vide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir.1983)). Accordingly, I examine whether the ALJ was clearly erroneous in the manner in which he applied California Law.

### II. Findings of Fact

The ALJ made a number of factual findings that were accepted at oral argument as not being in dispute. Vergie filed an application for widow's insurance benefits on the earnings record of Wesley Burks (Wesley), the deceased wage earner, on October 14, 1994. When Wesley died on July 30, 1986, he was a fully insured individual. Wesley was originally married to Earlean Burks (Earlean) on June 21, 1949. Wesley and Vergie went through a ceremonial marriage on February 27, 1977. After the ceremonial marriage, Wesley informed Vergie that he had previously been married and that this first marriage had not been properly terminated. In 1981, Wesley filed a divorce action against his first wife, Earlean, but the divorce was never finalized. Vergie was not living with Wesley at the time of his death.

### III. Application of Law

Under the Social Security Act an applicant for widow's insurance benefits will be deemed a widow of a deceased wage earner if the courts of the state where the wage earner died would either: (1) recognize the marriage; (2)would give the individual status of wife, husband, widow, or widower for purposes of intestate succession; or (3) if the couple were living together at the time of the deceased wage earner's death. 42 U.S.C. § 416(h). With regard to the first and third categories, the ALJ was correct in holding Vergie was not entitled to widow's insurance benefits. He clearly erred, however, in finding she did not fall into the second category.

Under California law, if an individual has a "good faith" belief at the time

of his or her marriage that the marriage is valid, the individual retains the status of a "putative spouse." Cal. Family Code § 2251 (West 1999). "An innocent participant who has duly solemnized a matrimonial union which is void because of some legal infirmity acquires the status of putative spouse." *In Re Vargas' Estate,* 36 Cal.App.3d 714, 717, 111 Cal.Rptr. 779 (1974). A "putative spouse" is entitled to both community property and the status of widow in intestate proceedings. In re Estate of *Krone,* 189 P.2d 741, 743, 83 Cal. App.2d 766, 769–770 (1948). It is undisputed that Vergie had a good faith belief that at the time she married Wesley, her marriage was valid. On this basis, Vergie meets the California test for status as a "putative spouse" and qualifies as a widow for the purposes of intestate succession under California law. Accordingly, Vergie would be considered a widow of a deceased wage earner in the state where the wage earner died and is entitled to receive widow's insurance benefits under the Social Security Act.

## IV. Conclusion

The ALJ clearly erred in finding that Vergie Burks would not qualify as a widow for the purposes of intestate succession under California law and was thus not entitled to widow's insurance benefits. Therefore, the defendants decision is reversed and plaintiff is awarded benefits under the Social Security Act.