**Adriana VANLERBERGHE, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

**No. Civ.A. 98–2443–CM.**

United States District Court,
D. Kansas.

Jan. 3, 2000.

Robert B. Van Cleave, Overland Park, KS, for Adriana Vanlerberghe, plaintiff.

Robert A. Olsen, Office of United States Attorney, Kansas City, KS, for Social Security, Commissioner of, Kenneth Apfel, defendant.

### *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

The plaintiff, Ms. Vanlerberghe, has petitioned for review of a decision by the Commissioner of Social Security reducing her benefits based upon receipt of Belgian social security benefits. Ms. Vanlerberghe filed an opening brief pursuant to D.Kan. Rule 83.7(d). (Doc. 7). The Commissioner responded, (Doc. 8), and Ms. Vanlerberghe has replied. (Doc. 9). Finding the Commissioner applied the correct legal standard, this Court affirms the Commissioner's decision.

### I. FACTS

The facts are not in dispute. Ms. Vanlerberghe receives a monthly payment from the Belgian social security system based upon work in Belgium as a school teacher before coming to the United States in 1981. Between 1982 and 1996 Ms. Vanlerberghe worked fourteen years in the United States and contributed to the social security system for more than forty quar-

ters. In 1996 Ms. Vanlerberghe retired and requested old age assistance benefits.

The agency computed Ms. Vanlerberghe's benefits, after deductions for Medicare premiums, as $170 per month. Ms. Vanlerberghe sought reconsideration. The agency affirmed its original computation, and Ms. Vanlerberghe filed a timely request for hearing. The Administrative Law Judge (ALJ) determined that Ms. Vanlerberghe's benefits were properly reduced based upon her receipt of benefits under the Belgian social security system. The Appeals Council denied Ms. Vanlerberghe's request for review and she timely filed this action.

## II. STANDARD FOR REVIEW

Generally a court will "review the [Commissioner's] decision to determine whether [his] factual findings are supported by substantial evidence in the record viewed as a whole and whether [he] applied the correct legal standards." *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994). In a case where there is no dispute of fact and where the issue is whether the Commissioner correctly applied the applicable legal standard, the court will determine whether the Commissioner was clearly erroneous in applying the law. *See Burks v. Apfel,* 67 F.Supp.2d 1203, 1204 (D.Colo. 1999). Where the agency decision is based upon a challenged agency interpretation of statute, the court must decide "whether the [Commissioner's] interpretation is reasonable, consistent and persuasive." *Whiteside v. Secretary of Health & Human Servs.*, 834 F.2d 1289, 1292 (6th Cir. 1987).

## III. DISCUSSION

### A. Correct Legal Standard

The Commissioner computed Ms. Vanlerberghe's benefits under 42 U.S.C.A. § 415(a)(7)(A) & (B) (West Supp.1999) (section 215 of the Social Security Act). (Complaint, Ex. B at 1 (Reconsideration Determination); Complaint, Ex. C at 3–4 (Decision)). Section 415(a)(7) is a windfall

elimination provision enacted in 1983. When a beneficiary receives a pension based upon noncovered work, her primary insurance amount is computed under subparagraph (B) of that section resulting in a reduced benefit.

The presumption of section 415(a)(7) is that receipt of any monthly payments based upon noncovered work will result in computation of primary insurance amount under subsection 415(a)(7)(B). Ms. Vanlerberghe does not dispute that her monthly payment under the Belgian social security system is based upon noncovered work under the Social Security Act. Therefore, section 415(a)(7) will be applied in computing her benefits under the Act unless an exception or exclusion applies. The statute provides three exclusions where computation under subparagraph (B) is precluded. Only one of the exclusions could possibly apply here: "a payment by a social security system of a foreign country **based on a[ ] [totalization] agreement** concluded between the United States and such foreign country pursuant to section 433." 42 U.S.C.A. § 415(a)(7)(A)(II) (West Supp.1999) (emphasis added). That exclusion is the one Ms. Vanlerberghe attempts to apply.

Ms. Vanlerberghe does not argue that the Commissioner's computation was incorrect. Rather, she argues that § 415(a)(7)(B) should not be used in the computation of her benefits. She argues that "if the totalization process [as provided in the U.S. – Belgian totalization agreement pursuant to 42 U.S.C.A. § 433 (West Supp.1999) ] is not applicable, neither is subsection (B) of 42 U.S.C. § 415(a)(7)." (Pl.'s Reply at 1). Her argument is based upon the fact that § 415(a)(7)(A)(II) excludes payments based upon a totalization agreement between the United States and a foreign country from the scope of the windfall elimination provision.

Because she has misread § 415(a)(7)(A), Ms. Vanlerberghe's argument does not follow logically. Both parties agree that the totalization agreement does not apply to

this case. (Pl.'s Opening Brief at 3; Pl.'s Reply at 1; Comm'r Brief at 3–4). Ms. Vanlerberghe argues that she "is qualified without the 'totalization,'" (Pl.'s Brief at 5). That argument confirms Ms. Vanlerberghe's understanding that her payment under the Belgian social security system is **not** based upon a totalization agreement. Her Belgian payment is based upon the Belgian system. Her United States payment is based upon the United States system. Neither is based upon a totalization agreement. Section 415(a)(7)(A)(II) excludes a beneficiary's primary insurance amount from computation under subsection 415(a)(7)(B) when she receives a monthly payment for noncovered work based upon a totalization agreement. Ms. Vanlerberghe's Belgian monthly payment is **not** based upon a totalization agreement. Since Ms. Vanlerberghe's Belgian payment is **not based upon a totalization agreement,** it does **not** qualify under § 415(a)(7)(A)(II) as an exclusion which would preclude computation of her primary insurance amount under subparagraph (B). Her primary insurance amount will, therefore, be computed under subsection 415(a)(7)(B).

That is essentially what the ALJ stated in his decision:

> The totalization agreement [brochure] indicates an individual may draw benefits from both countries if insured for benefits under both systems (Ex. 8/4–13). The claimant is receiving benefits from both countries. The totalization agreement does not control the implementation of provisions established within the Act to administer the payment of retirement insurance benefits earned in the United States when a claimant is receiving benefits from a social security system of a foreign country.

(Complaint, Ex. C at 4).

The Commissioner based his decision upon §§ 215 and 233 of the Social Security Act. 42 U.S.C.A. §§ 415 and 433 (West Supp.1999). Ms. Vanlerberghe has not shown the application of the statute was clearly erroneous. The Court finds the Commissioner applied the correct legal standard.

**B. Interpretation of the Legal Standard**

■ Ms. Vanlerberghe argues the Commissioner's application of the standard is based upon misinterpretation of the statute and the regulations. This Court must decide, therefore, "whether the [Commissioner's] interpretation is reasonable, consistent and persuasive." *Whiteside,* 834 F.2d at 1292. She argues, based upon the House Ways and Means Committee Report on the windfall elimination provision (§ 415(a)(7)) of the 1983 amendment to the Act, that Congress never intended the windfall provision to be applied to cases such as hers. The provision was designed to prevent windfalls to persons who had (1) 'substantial noncovered employment' throughout their careers and (2) became eligible for social security benefits through moonlighting or relatively short careers under social security. *See* H.R.REP. No. 98–25, at 22 (1983) *reprinted in* 1983 U.S.C.C.A.N. 219, 239. She argues that the first requirement is not applicable to her situation because she was not engaged in noncovered work in Belgium **throughout** her career. She continues, the second requirement is not applicable because she was employed in covered work for fourteen years, well over the forty quarters minimum needed to qualify for coverage, and certainly not the equivalent of moonlighting or a relatively short career under social security.

In quoting from the committee report, Ms. Vanlerberghe failed to include the following two paragraphs:

> This windfall benefit is a direct result of the social security benefit formula, which does not distinguish well between workers with lifetime low earnings, and workers with *less than a full career in covered work.* The social security benefit formula is weighted toward low-wage earners, replacing 90 percent of the first bracket amount of monthly average in-

dexed wages ... Thus, an *earnings history of 15 years, when spread over the 35–year averaging period* for benefits, will result in a heavily weighted benefit, even if the worker was not a low-wage earner.

The formula works as intended for those who *remain in covered employment throughout their careers.* In addition, the formula provides workers who have periods of unemployment that result in gaps in their earnings records ... with some compensation in the form of weighted benefits. However, the formula [applied without this amendment] results in *unintended windfalls in cases where the worker has low covered earnings because he has a career in noncovered work* for which he receives a pension.

H.R.Rep. No. 98–25, at 22 (1983) *reprinted in* 1983 U.S.C.C.A.N. 219, 239–40. (emphasis added).

The example used by the committee to describe "less than a full career in covered work" was an earnings history of fifteen years. Ms. Vanlerberghe has fourteen years of covered work, one year less than in the committee's example. Ms. Vanlerberghe's fourteen year earnings history when spread over the 35–year averaging period for benefits would result in a heavily weighted benefit if the windfall elimination provision were not applied. This Court finds that a fourteen year career is a "relatively short career under social security" as contemplated by Congress in enacting the windfall elimination provision. Although it may be argued that Ms. Vanlerberghe did not have a **full** career in noncovered work as a teacher in Belgium, it was 17 years of noncovered work for which she receives a pension. This Court finds such work, especially when it provides the basis for a pension, is 'substantial noncovered employment' as contemplated by Congress in enacting the windfall elimination provision. As evidenced by the 1983 committee report, the facts of this case constitute circumstances to which the windfall elimination provision was intended to be applied.

Ms. Vanlerberghe argues further that since the regulations provide for an exclusion when benefits are based upon a totalization agreement, benefits should, therefore, **not be reduced** when they are based upon independent coverage provided by greater than forty quarters of covered work. That argument ignores the different purposes of the two provisions. The totalization provision is to provide a social security benefit to potential beneficiaries who would not otherwise be eligible for benefits because of periods of employment insufficient to qualify under either of two systems. *See* 42 U.S.C.A. § 433 (West Supp.1999); 20 C.F.R. §§ 404.1901 through 1930 (1999). Totalization provisions preclude the receipt of benefits, **based upon the agreement,** from both countries. *See* 42 U.S.C.A. § 433(c)(1)(B); 20 C.F.R. § 404.1913 (1999).

The windfall elimination provision, on the other hand, is designed to preclude the payment of weighted (90%) benefits to a beneficiary with a relatively short career under social security who receives another pension based on substantial noncovered work. Ms. Vanlerberghe is eligible for benefits under both systems and is, therefore, not in need of the savings provisions of a totalization agreement. The purpose of the windfall elimination provision is applicable, but the purpose of the totalization provision is not applicable, in the facts of this case.

By its terms the windfall elimination provision of the statute applies to this case. The committee report indicates the intent of Congress that the section apply. The regulations of the Commissioner indicate that the section applies to this case. The purposes of both the totalization agreement with Belgium and the windfall elimination provision of the Act will be furthered by affirmation of the Commissioner's decision. Therefore, this Court finds that the interpretation and application of the statute by the Commissioner is reasonable, consistent and persuasive as applied.

The decision of the Commissioner is **AFFIRMED**.